**Bobby W. GRAYSON, Plaintiff-Appellant,**

v.

**Don McGOWAN and Melvin McGowan, dba McGowan Wireline Service, Defendants-Appellees.**

No. 74–3381.

United States Court of Appeals, Ninth Circuit.

Oct. 12, 1976.

Vergil L. Gerard (argued), Fresno, Cal., for plaintiff-appellant.

Edgar W. Averill, Jr., Frank, Averill & Varn, Whittier, Cal., for defendants-appellees.

Before CARTER, WRIGHT and WALLACE, Circuit Judges.

PER CURIAM:

Appellant sued for infringement of Patents Nos. 3,572,245('245) and 3,618,612('612). The district court granted summary judgment in favor of appellees, holding the patents invalid for obviousness pursuant to 35 U.S.C. § 103.[1] We conclude that the trial court's grant of summary judgment was correct.

These patents pertain to the art of string shooting oil wells. The parties are in the oil field service business and compete in string shooting operations in oil wells.

Begun in the 1940's, the process involves the detonation of an explosive cord attached to a metal cable after it has been lowered into the well. The shock waves caused by the explosion clear out the perforations in the oil well casing, increasing the well's output.

Patent '612 was issued to Grayson on March 14, 1972 and patent '245 was granted on March 23, 1971. Both Grayson patents contain basically the same disclosure. Divided into two parts by the Patent Office, # '245 claims the apparatus of the invention whereas # '612, based upon a divisional application from '245, claims the method.

Prior to the commencement of this action, appellant successfully brought an infringement action against Ward W. Fisher on the same patents. Fisher consented to an adverse judgment and offered no affirmative defense in that suit.

Grayson contends that summary judgment is inappropriate here because the issue is the invention over the prior art. It is long established in this circuit that, when the Rule 56 standards are met[2] and the court, without aid of expert opinion, can understand the prior art and patent claims, summary judgment is proper. *Stukenborg v. Teledyne, Inc.*, 441 F.2d 1069, 1071 (9th Cir. 1971); *Proler Steel Corp., Inc. v. Luria Brothers & Co.*, 417 F.2d 272, 273 (9th Cir. 1969).

The string shooting mechanism is not complex and the court had the benefit of extensive affidavits, diagrams, and explanations. Although some issues of fact are presented in the affidavits and other evidence, they are not issues of *material* fact.

The prior art centers on the Ford Alexander and Dia-Log patents. Appellant was aware of both at the time of his application. Regardless of whether he should

---

1. Section 103 provides, in pertinent part:

    "A patent may not be obtained . . . if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. . . ."

2. Rule 56, Fed.R.Civ.P., requires that there be "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

    Moreover, on a motion for summary judgment "the inferences to be drawn from the underlying facts contained in such materials [affidavits, depositions and exhibits] must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 995, 8 L.Ed.2d 176 (1962).

have disclosed these in his application, the trial court properly conducted the factual inquiry mandated when obviousness is at issue, *Graham v. John Deere Co.*, 383 U.S. 1, 17, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966),[3] and correctly determined Grayson's contribution to be one of improvement, not invention. Desirable benefits "without invention will not make patentability." *Sakraida v. Ag Pro, Inc.*, 425 U.S. 273, 96 S.Ct. 1532, 1537, 47 L.Ed.2d 784 (1976), *quoting A & P Tea Co. v. Supermarket Co.*, 340 U.S. 147, 153, 71 S.Ct. 127, 95 L.Ed. 162 (1950).

■ Additionally, Grayson asserts that the prior judgment of validity precludes the finding of invalidity in this action. Appellant misconstrues the nature and applicability of issue and subject preclusion. To permit the offensive use of the prior determination against McGowan, who was not a party in the first action, not represented there, not directing or controlling that litigation, and not in privity with Fisher, would be to impermissibly deny appellee his due process right to a full and fair opportunity to litigate his claims. *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 329, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971); *Hansberry v. Lee*, 311 U.S. 32, 40, 61 S.Ct. 115, 85 L.Ed. 22 (1940).

We affirm the judgment of the district court.

---

3. The three-pronged standard compels examination of (1) the scope and content of the prior art, (2) the differences between the prior art and the claims at issue, and (3) the level of ordinary skill in the pertinent art. 383 U.S. at 17, 86 S.Ct. 684. *See also Dann v. Johnston*, 425 U.S. 219, 96 S.Ct. 1393, 1397, 47 L.Ed.2d 692 (1976); *Norwood v. Ehrenreich Photo-Optical Industries, Inc.*, 529 F.2d 3, 8 (9th Cir. 1976).