FAMOLARE, INC., Plaintiff,

v.

EDISON BROTHERS STORES, INC., Defendant.

FAMOLARE, INC., Plaintiff,

v.

SCOA INDUSTRIES, INC., Defendant.

Civ. Nos. S–78–86 LKK, S–77–387 LKK.

United States District Court, E. D. California.

June 4, 1981.

Wilke, Fleury, Hoffelt & Gray, Sacramento, Cal., Hosier, Niro & Daleiden TLD, Chicago, Ill., for defendant Edison Bros. Stores, Inc.

Charles Townsend, San Francisco, Cal., Theodore Marois, Sacramento, Cal., Robert Bennett, Dewey, Ballantine, Bushby, Palmer, Wood, New York City, for plaintiff Famolare, Inc.

A. Yates Dowell, Arlington, Va., for defendant SCOA, Industries, Inc.

## ORDER

KARLTON, District Judge.

Plaintiff in the above-entitled related actions is the owner of United States Patent No. 235,819 ('819), which is the patent on the shoe sole design used on the plaintiff's shoes marketed as the "Hi There" style. In these related suits the plaintiff has alleged that defendants have infringed upon its patented design for shoe soles. The matters are now before the Court on the following motions of the parties:

1. Defendants' motions for summary judgment on the grounds that the plaintiff's patent is obvious and therefore invalid pursuant to 35 U.S.C. § 103.

2. Defendants' motion for summary judgment on the grounds that the plaintiff's design patent primarily serves a utilitarian purpose and is therefore invalid.

3. Plaintiff's motion for a preliminary injunction prohibiting the defendants from selling, offering, or distributing the alleged infringing shoes during the pendency of this litigation.

4. Plaintiff's motion for a more definite statement of defendant EDISON BROTHER's counterclaim.

5. Plaintiff's motion to sever and stay defendant EDISON BROTHER's counterclaim from these actions.

Because the resolution of the defendants' motion for summary judgment on the grounds that the plaintiff's patent is obvious may well dispose of a number of issues raised by the motions listed above, I will address that motion initially.

## I

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO 35 U.S.C. § 103

#### A. *Obviousness*

In essence Congress has required that an invention to be patentable must be inventive.[1] By their motion for summary judgment defendants argue that plaintiff's design patent was not inventive but obvious and thus not patentable. I begin by seeking the applicable legal standard employed in determining whether a given product is obvious.

The beginning point in ascertaining the applicable legal standards is the terms of the applicable statutes. Design patents are granted pursuant to 35 U.S.C. § 171, which provides as follows:

> Whoever invents any new, original and ornamental design for an article of manufacture may obtain a patent therefor, subject to the conditions and requirements of this title.

---

1. The formulations "inventive," "novel," or the like, are conclusory labels for products of "ingenuity and skill" (*Hotchkiss v. Greenwood*, 11 How. 248, 267, 52 U.S. 248, 13 L.Ed. 683 (1850)) which society believes worthy of encouragement and protection because of a qualitative difference in that skill and that displayed by the ordinary practitioner in the field. The latter's work may be sufficient to warrant commercial success but not the law's protection. *See, e. g. Graham v. John Deere Co.*, 383 U.S. 1, 17, 86 S.Ct. 684, 693, 15 L.Ed.2d 545 (1966); *M–C Indus. v. Precision Dynamics Corp.*, 634 F.2d 1211, 1214 (9th Cir. 1980).

The provisions of this title relating to patents for inventions shall apply to patents for designs, except as otherwise provided.

By incorporating the other provisions of Title 35, Section 171 also requires that a design patent be novel, 35 U.S.C. § 102[2] and non-obvious, 35 U.S.C. § 103. Section 103 provides as follows:

> *Conditions for patentability; non-obvious subject matter*
>
> A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.

Patentability shall not be negatived by the manner in which the invention was made.

Several general principles developed in the case law are applicable to the matters currently under consideration. The courts have consistently held that the ultimate question of patent validity is one of law, *Graham v. John Deere Co.*, 383 U.S. 1, 17, 86 S.Ct. 684, 693, 15 L.Ed.2d 545 (1966); *M–C Industries, Inc. v. Precision Dynamics, Corp.*, 634 F.2d 1211, 1213 (9th Cir. 1980); *Austin v. Marco Dental Products*, 560 F.2d 966, 970 (9th Cir. 1977), *cert. denied* 435 U.S. 918, 98 S.Ct. 1477, 55 L.Ed.2d 511 (1978).[3] Moreover and more puzzling is the doctrine that whether or not an invention is "obvious" is a question of law for the court, not a question of fact. *M–C Industries, Inc., supra* at 1213; *See Walker v. General Motors Corp.*, 362 F.2d 56 (9th Cir. 1966).[4]

---

**2.** 35 U.S.C. § 102 provides as follows:

A person shall be entitled to a patent unless—

(a) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent, or

(b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States, or

(c) he has abandoned the invention, or

(d) the invention was first patented or caused to be patented by the applicant or his legal representatives or assigns in a foreign country prior to the date of the application for patent in this country on an application filed more than twelve months before the filing of the application in the United States, or

(e) the invention was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the applicant for patent, or

(f) he did not himself invent the subject matter sought to be patented, or

(g) before the applicant's invention thereof the invention was made in this country by another who had not abandoned, suppressed, or concealed it. In determining priority of invention there shall be considered not only the respective dates of conception and reduction to practice of the invention, but also the reasonable diligence of one who was first to conceive and last to reduce to practice, from a time prior to conception by the other.

**3.** As will soon become apparent, I have much difficulty in understanding certain divisions of phenomena in the patent field between law and fact. The ultimate question of patentability as a question of law is *not* one of those problems. As I note elsewhere, one function of law is to order physical phenomena and another is to give them a social consequence. "The requirement is for phrases which shall set off in one class the generality that the State sanctions and will habitually enforce a relation of a specific content, and in another class the concrete occurrence constituting the contingency in which the State predicates this relation. In the former class we are dealing with the abstract formulated body of legal principles; in the latter, with all concrete phenomena designated in the terms of the law." I Wigmore on Evidence, 3d Ed. p. 2. Since as I have just noted, patentability is a conclusion that a product is worthy of the law's protection it is properly classifiable as a legal, rather than factual, determination.

**4.** The issue of whether a given question is one of law or fact is a persistent and difficult one. Because I do not write upon a clean slate, my own conclusion as to a proper characterization of the question of "obviousness" is beside the point. Nonetheless, I am compelled to note that utilizing the traditional modes of distinguishing between law and fact, the process of determination appears to be of the latter kind. Law traditionally is viewed as society's judgment as to competing values and thus a·way of meaningfully ordering events in the physical universe. Facts, on the other hand, are instances in the physical universe about which

Nonetheless, the legal conclusion as to the issue of patentability must be resolved against the background of three factual inquiries:

1. The scope and content of the prior art;

2. The differences between the prior art and the patent at issue; and

3. The level of skill in the pertinent art. *Graham v. John Deere Co., supra,* 383 U.S. at 18, 86 S.Ct. at 694; *Mayview Corp. v. Rodstein,* 620 F.2d 1347, 1354 (9th Cir. 1980); *Penn International Industries v. Pennington Corp.,* 583 F.2d 1078, 1080–81 (9th Cir. 1978).[5]

 In the case of a design patent the factual inquiry noted above takes on a somewhat different cast than in the case of a utility patent because the term "level of skill in the pertinent art" is defined differently in each context. When determining the level of skill in the pertinent art in a design patent context the appropriate viewpoint is that of an ordinary person with ordinary acuteness examining the article upon which the design has been placed with the degree of observation that a person of ordinary intelligence would give. *Mayview Corp. v. Rodstein, supra* at 1355; *Schwinn Bicycle Co. v. Goodyear Tire & Rubber Co.,* 444 F.2d 295, 299 (9th Cir. 1970). The application of this standard requires a finding that a design patent is invalid when "considering the scope and the content of the prior art and the differences between the prior art and the design covered by the patent, from the point of view of the ordinary intelligent man there is 'substantial similarity in the overall appearance' between the patented design and the prior art relied upon. *Schwinn Bicycle Co. v. Goodyear Tire & Rubber Co.,* 444 F.2d at 299." *Mayview Corp. v. Rodstein, supra* at 1355.[6] It is against these standards characterized by binding authority as "legal standards" that the obviousness of the plaintiff's design patent must be determined.

The defendants rely upon four items of printed prior art which were published and in existence more than a year prior to the filing of Famolare's '819 design patent on

judgments are made. *See* I Wigmore, supra. To the degree that "obviousness" requires a subjective judgment concerning events in the physical universe (e. g. in this case comparisons of plaintiff's shoe design with the prior art) it may be that obviousness is the legal standard, but the comparison itself is a process of sifting evidence and thus a factual determination. While recognition that the distinction between law and fact is a distinction between rule and event is quite subtle, and indeed underlies much of the dispute in modern philosophy (*see and compare* Lord Russell and Ludwig Wittgenstien's work on the meaning of meaning), in this particular example the resolution does not appear to be all that subtle. Nonetheless, like the legions in the "Charge of the Light Brigade" I will ride into the valley where I have been ordered to go without pausing long over the issue of whether it makes any sense to be there. *But see* fn. 6, below.

5. This approach to be taken in analyzing the question of obviousness was first introduced by the Supreme Court in *Graham v. John Deere Co.,* 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966), in the context of a utility or mechanical patent case. For this reason some of the language contained in the factors to be considered do not coincide with the usual design patent case. Nonetheless, the approach taken in *Graham* has been found to be the proper one for design patent cases where obviousness is at issue. *Schwinn Bicycle Co. v. Goodyear Tire & Rubber Co.,* 444 F.2d 295, 298 (9th Cir. 1970).

6. Again, I feel compelled to observe that obviousness, especially as determined in the design patent context, would appear to be a factual inquiry. The relevant inquiry is posed in the form of what the ordinary, intelligent person would conclude. Not only as a theoretical matter but as a practical one, the point of view of the ordinary person would seem particularly well suited for submission to the trier of fact. Nonetheless, the courts have consistently held that this is a question of law for the court. Indeed, the recognition that in a design patent uniqueness is in the eye of the beholder does not preclude summary judgment. "We are not unaware that this determination is largely subjective and susceptible of individual differences and interpretations. However, 'the determination of patentability in design cases must finally rest on the subjective conclusion of each judge' . . . ." *Schwinn Bicycle Co. v. Goodyear Tire & Rubber,* 444 F.2d 295, 299–300 (9th Cir. 1970). Traditionally, of course, the law classifies such judgments as one of fact because like all subjective states, what is involved is a comparison of events in the physical universe (*see* fn. 4, above).

August 22, 1974, as required by 35 U.S.C. § 102(b). *See* Exhibits A–D.[7] Plaintiff has conceded that these exhibits constitute printed publications, published as of the dates that appear on the publications. *See* Famolare's Response to Documents of February 18, 1981. It is undisputed that there were three items of prior art before the patent examiner at the time the '819 patent was issued. *See* Exhibits Filed in Support of Defendants' Motions for Summary Judgment, Exhibits H–L. Moreover, defendants argue that it cannot be disputed that the prior art not before the Patent Office is more pertinent to and more closely resembles the Famolare patented design than the prior art that the patent examiner considered. Finally, defendants conclude that if the prior art not considered by the Patent Office is compared to the Famolare patented design from the point of view of an ordinary intelligent person there can be no doubt that there is a substantial similarity in overall appearance and thus the plaintiff's design patent must be declared invalid as a matter of law.

Plaintiff opposes the defendants' motion for summary judgment primarily on the basis that the question of obviousness is a poor candidate for summary judgment, *citing Schroeder v. Owens-Corning Fiberglass Corporation*, 514 F.2d 901 (9th Cir. 1975). The plaintiff also argues that its design patent is to be presumed valid under 35 U.S.C. § 282 and that defendants have not presented sufficient evidence to overcome that presumption. In this regard the plaintiff asserts that the defendants' prior art, while admittedly published before the filing of the '819 patent application, does not provide a sufficient basis for a finding of obviousness.[8] Finally, the plaintiff contends that consideration of secondary factors such as the unsuccessful efforts by others, widespread copying of design, and the commercial success of the design in question indicates that the '819 patent was not obvious at the time of application. In support of this argument plaintiff submits the affidavits of a shoe designer, a retailer, and the plaintiff who attest to the commercial success of the '819 patented design and that said design was not obvious to an ordinary shoe designer at the time the patent application was filed. *See* Affidavit of Roger L. Cook filed July 29, 1980, Exhibits H, I and J.

### B. *Appropriateness of Summary Judgment*

The question of when a patent infringement case is suitable for summary judgment disposition has been the subject of considerable debate and confusion. The Ninth Circuit has recently stated:

> Patent claims are ones in which issues of fact often dominate the scene and summary judgment is allowed only with 'great caution'. [citations omitted]. Summary judgment is clearly the exception and not the rule in patent infringement cases. *Hycon Mfg. Co. v. H. Koch & Sons*, 219 F.2d 353 (9th Cir. 1955).

*Garter-Bare Co. v. Munsingwear, Inc.*, 622 F.2d 416 (9th Cir. 1980). *See also Schroeder v. Owens-Corning Fiberglass Corp., supra* at 902; *Groen v. General Foods Corp.*, 402 F.2d 708, 709–10 (9th Cir. 1968). Nonetheless, under certain circumstances and even where caution is exercised, summary judgment disposition is proper in patent infringement cases. *See Schwinn Bicycle Company v. Goodyear Tire & Rubber Co., supra; Ashcroft v. Paper Mate Manufactur-*

---

**7.** As the parties are aware, a procedure was established for the filing of exhibits to be considered with regard to the defendants' motions for summary judgment in this Court's order of January 27, 1981. Under that procedure each party was allowed to submit its exhibits and objections to those submitted by the other parties on the grounds of lack of foundation, relevancy, etc. The exhibits referred to in this Order were ruled admissible prior to oral argument on the motions themselves.

**8.** The plaintiff's position is apparently based upon the argument that the defendants' prior art references all consist of printed publications which may not reflect shoes in actual existence. Prior art appearing in printed publications is clearly admissible as evidence of the obviousness of a patent. *See* 35 U.S.C. § 102(b); *Schwinn Bicycle Co. v. Goodyear Tire & Rubber Co., supra.*

*ing Company,* 434 F.2d 910 (9th Cir. 1970); *Flexible Plastics Corporation v. Black Mountain Spring Water Incorporated,* 357 F.Supp. 554 (N.D.Cal.1972).

Certain principles emerge from the case law which assist in determining whether a patent infringement case is suitable for summary judgment disposition. The caution which is required to be exercised when summary judgment is sought in the patent context is necessitated by the fact that such cases often involve highly technical or scientific processes which simply cannot be adequately understood without the aid of expert testimony. *See Garter-Bare Co. v. Munsingwear, Inc., supra* at 423; *Schroeder v. Owens-Corning Fiberglass Corp., supra* at 903. Accordingly, the test of whether a patent infringement action is capable of summary judgment should involve the nature of that patent and should thus distinguish between design patents and utility or mechanical patents (given the fact that "obviousness" is treated as a legal judgment). In the context of a design patent obviousness is determined by inquiring whether from the point of view of the ordinary intelligent person there is a substantial similarity in the overall appearance between the patented design and the prior art relied upon. *See Mayview v. Rodstein, supra* at 1355. Because the issue of obviousness in a design patent case is determined by viewing the design in question and the prior art as an ordinary intelligent person, the complex technical or scientific issues which make summary judgment inappropriate in most mechanical or utility patent cases are not present where a design patent is at issue.[9] Thus, it is a well established rule that where the standards set forth in Federal Rule of Civil Procedure 56[10] are met and the court, without the aid of expert testimony can understand the prior art and the patent claims, summary judgment is proper. *Penn International Industries v. Pennington Corp., supra* at 1082; *Grayson v. McGowan,* 543 F.2d 79, 80 (9th Cir. 1976).

The shoe design at issue in this case is not, in my subjective judgment, complex (though what I know about shoe design is another question). Moreover, the defendants rely upon only four examples of prior art in alleging the plaintiff's patent obvious, all of which are easily understood. Thus, the scope and content of the prior art is not at issue. As noted above, the level of skill in the pertinent art is that of the reasonably intelligent person. Finally, the differences between the prior art and the patented design are to be determined on the basis of whether the reasonably intelligent person would find a substantial similarity between the two. In the circumstances of this case there are clearly no issues of fact (see fns. 4, 6, and 10) genuinely in dispute, the resolution of which is necessary to decision of the case and therefore summary judgment is appropriate. Any disputed is-

---

9. This distinction has lead the Ninth Circuit to observe as follows:

It is true that summary judgment is seldom used in patent cases. This is largely a result of the technological problems which ordinarily arise in litigation involving a utility (as opposed to design) patent. In such cases, the trial court often needs the assistance of expert testimony to determine the nature of the patented device as well as the scope and content of the pertinent prior art. There is no such need for expert testimony in litigation involving a design patent of this type where no special technological problems are presented and the legal issues, as will be seen hereinafter, are particularly adapted to summary disposition. *Schwinn Bicycle Co. v. Goodyear Tire & Rubber Co., supra* at 297–98.

10. Federal Rule of Civil Procedure 56 requires that there be "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." On a motion for summary judgment the moving party has the burden of demonstrating that no material issue of fact exists. Because the burden is on the moving party, the evidence presented must be viewed in favor of the party opposing the motion and all favorable inferences are to be drawn in its favor. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Moreover, the facts asserted by the opposing party must be taken as true. *Bushie v. Stenocord Corp.,* 460 F.2d 116 (9th Cir. 1972). Of course, what is a material fact in this field is circumscribed by the court's determination that obviousness is a question of law. *See* fns. 4 and 6, above.

sues presented by the plaintiff are simply not issues of material fact.[11]

## C. The Presumption of Validity

As noted above, the plaintiff has argued that the '819 design patent is to be presumed valid under 35 U.S.C. § 282. It is appropriate that I address this argument before commencing my analysis of whether the patent is obvious.

■ The statutory presumption of patent validity is based upon the presumed expertise of the Patent Office.[12] *Speed Shore Corporation v. Denda*, 605 F.2d 469, 471 (9th Cir. 1979). This statutory presumption may be overcome only by presentation of clear and convincing proof. *Santa Fe-Pomeroy, Inc. v. P & Z Company, Inc.*, 569 F.2d 1084, 1091 (9th Cir. 1978). When the party attacking the validity of a patent produces alleged prior art that is cumulative to the art cited by the Patent Office the presumption of validity is not weakened or destroyed. *Saf-Gard Products, Inc. v. Service Parts, Inc.*, 532 F.2d 1266, 1271 (9th Cir. 1976). Nonetheless, the presumption of validity may be overcome, or at least substantially dissipated, by a showing that pertinent prior art was not brought to the attention of or considered by the Patent Office. *See Kamei-Autokomfort v. Eurasian Automotive Products*, 553 F.2d 603, 605 (9th Cir. 1977); *Deere & Co. v. Sperry Rand Corp.*,

513 F.2d 1131 (9th Cir.), *cert. denied* 423 U.S. 914, 96 S.Ct. 218, 46 L.Ed.2d 142 (1975); *Hewlett-Packard Company v. Tel-Design, Inc.*, 460 F.2d 625, 628 (9th Cir. 1972); *Jaybee Manufacturing Corp. v. Ajax Hardware Manufacturing Corp.*, 287 F.2d 228, 229 (9th Cir. 1961).

■ In the present case the Patent Office was presented with three examples of prior art which it considered during the prosecution of plaintiff's '819 design patent. *See* Defendants' Exhibits H, I, J, K, and L. Observation of these prior art references reveals that, unlike the prior art presented by the defendants (*see* D, below), the prior art before the Patent Office did not resemble the plaintiff's design in overall appearance. Thus, I find that there was prior art more pertinent than that considered by the Patent Office in issuing plaintiff's '819 design patent. Accordingly, the defendants have overcome the statutory presumption of patent validity by clear and convincing proof.

## D. The Validity of Plaintiff's '819 Patent

The defendants have submitted four exhibits as relevant examples of prior printed art not before the Patent Office when the '819 patent was granted to the plaintiff. These exhibits may be identified as follows: (a) A style entitled P.M.B. (printed adver-

---

11. For instance, plaintiff has asserted that the line drawings and other depictions of the prior art and the patented design are unclear, illegible and form an insufficient basis for a determination of the issue of obviousness of design. Printed art is clearly admissible as evidence of obviousness. *See infra*, n. 8. Moreover, the defendants have submitted as an exhibit an actual shoe upon which plaintiff's patented sole design appears. *See* Defendants' Exhibit N. Finally, I find that the prior art submitted in the form of printed publications is without question clear and legible and may serve as relevant prior art references. Likewise, the plaintiff's affidavit from a shoe designer stating that the '819 design would not have been obviousness to the "ordinary shoe designer" in 1974 could not be read as raising a material issue of fact. *See* Plaintiff's Opposition of July 29, 1980, Exhibit J. First, the affidavit represents a mere legal conclusion on the part of the affiant and cannot be considered by the Court.

*See* Wright & Miller, *Federal Practice and Procedure*, Civil § 2722, p. 484–485 (1969). Moreover, the affiant has applied a legal standard for the determination of obviousness in the design patent context not applicable in the Ninth Circuit. *See infra* I.A.

12. It is not even clear that the presumption of validity normally accorded patents applies in the context of design patents. The presumption is based in large part upon the expertise of the Patent Office in technical skills necessary to evaluate the patent application and the scope and content of prior art in the utility/mechanical patent area. Under this Circuit's standard no such expertise is required since the test of similarity is in the "eyes of the ordinary observer." Thus, the presumption may have little or no weight in the case before the Court. *See Schwinn Bicycle Co. v. Goodyear Tire & Rubber Co., supra* at 300.

**948**

tisement appearing in Moda In Pelle in December of 1972); (b) A Carber Enterprises shoe style called the Uomo Casadei collection (printed advertisement appearing in Footwear News of August 17, 1972); (c) A Carber shoe entitled the Casadei (printed advertisement appearing in Footwear News of January 25, 1973); and (d) a Casadei shoe style (advertisement appearing in ARS Sutoria of March 1973). Each of these publications depict a shoe style with a rather large, chunky heel and sole made up of three waves. All of the advertisements in question were published prior to plaintiff's '819 patent application on August 22, 1974. Because the test for obviousness of a design patent is whether there exists a "substantial similarity in overall appearance" a more detailed description of the appearance of the prior art is not relevant or necessary.

▇ Observing the prior art submitted by the defendants and the plaintiff's patented design as the ordinary intelligent person would is an exercise which by its nature results in a subjective conclusion by the Court as to the similarity in overall appearance of the designs in question. Nonetheless, it is just such a subjective judgment which the law requires the Court to make. *See Schwinn Bicycle Co. v. Goodyear Tire & Rubber Co., supra* at 300; *see also Flexible Plastics Corp. v. Black Mountain Spring Water Inc., supra* at 555. In the present case application of the "legal" standard leads the Court to the conclusion that the prior art not before the Patent Office in granting plaintiff's patent application is substantially similar in overall appearance to the patented design and thus renders the plaintiff's '819 patent invalid due to obviousness. This conclusion is based in substantial part upon a comparison of the plaintiff's patented design to the Carber Casadei model appearing in the Footwear News of January 25, 1973, the Casadei shoe design appearing in the ARS Sutoria publication of March 1973, and one of the Carber Uomo Casadei shoe styles (the shoe in the middle of the advertisement) appearing in the Footwear News of August 17, 1972. It is my conclusion that the ordinary intelli-

gent observer would find those shoe designs practically identical to the design patented by the plaintiff and thus would find a substantial similarity in overall appearance between the various designs. What all this legal conclusion means when finally reduced to its essence is "Gee, they look pretty much the same to me." While I have no particular difficulty in making this judgment, I cannot help wondering why I am making it rather than a jury. Having said as much, I recognize that this issue has also been authoritatively determined inconsistent with my own analysis. *Bentley v. Sunset House Distributing Corp.*, 359 F.2d 140 (9th Cir. 1966).

### E. *Secondary Considerations*

Plaintiff also relies on the proposition that examination of secondary considerations such as commercial success of the patent at issue, satisfaction of long felt need, the failure of others and widespread copying of the patent in question leads to the conclusion that the plaintiff's patent was non-obvious when issued.

▇ Use of the factors referred to by plaintiff to shed light on the issue of obviousness has been approved by the Supreme Court. The Court stated, however, that these merely "secondary considerations" may have relevancy as "indicia of obviousness or non-obviousness" where that issue was in doubt. *Graham v. John Deere Co., supra*, 383 U.S. at 17–36, 86 S.Ct. at 693–703; *see also Walker v. General Motors Corporation*, 362 F.2d 56, 60 (9th Cir. 1966). Moreover, it is well established that consideration of these secondary factors can never establish inventiveness where, as is the case here, in the subjective judgment of the judge obviousness is clear. *Walker v. General Motors Corp., supra* at 60. It is also appropriate to note that particularly in the case of patented subject matter such as a shoe design these secondary factors may not be particularly helpful in determining obviousness. The success or failure of items of fashion, such as shoes, are especially subject to the whims of the public. Fashions

change from year to year. The fact that a particular design is inventive may well have nothing to do with its commercial success. Rather, it may be that commercial success is hinged upon being at the "right place at the right time," i. e. when the public taste eventually accepts a certain design, advertising, or other facts unrelated to inventiveness. Thus, it appears to me that the principle that commercial success without invention will not establish patentability is particularly applicable to the matter before me. See *M–C Industries, Inc. v. Precision Dynamics, Corp.,* supra at 1214; *Hewlett-Packard Co. v. Tel-Design, Inc.,* supra at 630.

Accordingly, the defendants' motion for summary judgment on the grounds that the plaintiff's patent is invalid due to obviousness is granted.[13]

II

PLAINTIFF'S MOTION FOR A MORE DEFINITE STATEMENT OF DEFENDANT EDISON'S COUNTERCLAIM

On January 5, 1981, defendant EDISON BROTHERS filed its answer and counterclaim alleging that the plaintiff's patent was invalid and that the plaintiff had engaged in unfair competition. The plaintiff now moves for a more definite statement of defendant EDISON BROTHER's counterclaim pursuant to Federal Rule of Civil Procedure 12(e). In this regard the plaintiff asserts that it cannot reasonably be required to frame a responsive pleading without a more definite statement of the defendant's claims. Specifically, plaintiff requests that the defendant be required to separately state each count within its unfair competition claim and to indicate the dates of the alleged wrongdoing of the plaintiff. Plaintiff asserts that this information is necessary to enable it to determine whether the statute of limitations should be pled as an affirmative defense to the counterclaim. Defendant responds that its counterclaim meets the liberal pleading standards established by Federal Rule of Civil Procedure 8. Moreover, defendant contends that a motion for a more definite statement should not be used as a substitute for discovery which is the means by which the plaintiff should obtain the information it seeks through this motion.

■■■ A motion for a more definite statement should not be granted unless the defendant cannot frame a responsive pleading. See *Boxall v. Sequoia Union High School District,* 464 F.Supp. 1104, 1114 (N.D.Cal.1979); Wright and Miller, *Federal Practice and Procedure,* Civil § 1377 at p. 750 (1969). Due to the liberal pleading standards in the federal courts embodied in Federal Rule of Civil Procedure 8(e) and the availability of extensive discovery, the availability of a motion for a more definite statement has been substantially restricted. Wright and Miller, *Federal Practice and Procedure,* Civil § 1376 at pp. 730–747. In particular, where the information sought by the moving party is available and/or properly sought through discovery the motion should be denied. See *Steinberg v. Guardian Life Insurance Co. of America,* 486 F.Supp. 122 (E.D.Pa.1980); Wright and Miller, *Federal Practice and Procedure,* Civil § 1377 at p. 750.

■■■ In the present case the plaintiff essentially requests that the defendant reveal the exact dates of its alleged misconduct. Such specificity in pleading is not required by Federal Rule of Civil Procedure 8(e). This is exactly the sort of information which should be obtained through the discovery process. Moreover, subsequent to the filing of this motion the plaintiff apparently served defendant EDISON BROTHERS with contention interrogatories requesting the same information which they seek through this motion. In serving these

---

**13.** Granting of the defendants' motion for summary judgment on the grounds that plaintiff's patented design was obvious and therefore invalid renders moot the defendants' motion for summary judgment on the issue of functionality as well as the plaintiff's motions for a preliminary injunction and to sever and stay defendant Edison Brother's counterclaim. The plaintiff's motions, therefore, are denied.

interrogatories the plaintiff has adopted the proper means of obtaining the desired information. Therefore, the plaintiff's motion for a more definite statement is denied.

### III

### CONCLUSION

Authoritative precedent does not gag a trial court but it does bind it, accordingly it is hereby ordered as follows:

1. The defendants' motion for summary judgment on the grounds that the plaintiff's design patent is obvious and therefore invalid is granted;

2. The plaintiff's motion for a preliminary injunction is denied;

3. The plaintiff's motion for a more definite statement of defendant EDISON BROTHER's counterclaim is denied;

4. The plaintiff's motion to sever and stay defendant EDISON BROTHER's counterclaim is denied;

5. A further Status Conference is now set for July 27, 1981, at 3:00 p. m.

IT IS SO ORDERED.