805 F.2d 1033
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lucille ANDERSON, Plaintiff-Appellant,
Robert J. Affeldt, Wilbur Jacobs, Mark A. Robinson, Appellants,
v.
ACE HARDWARE, INC., Defendant-Appellee.
 No. 86-3324.
 United States Court of Appeals, Sixth Circuit.
 Oct. 20, 1986.
 
 Before JONES, KRUPANSKY and NELSON, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the Court upon consideration of appellee's motion to dismiss the appeal on the grounds that it was taken from a non-final order. Appellants have filed a response in opposition.
 
 
 2
 Appellant Anderson filed a complaint in the district court alleging violations by appellee of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000(e). Although the district court has yet to enter a final judgment addressing the merits of that action, appellants have filed a notice of appeal from three separate orders which assessed expenses and attorney fees against them pursuant to Rule 37(d), Federal Rules of Civil Procedure, due to appellant Anderson's failure to appear for deposition. The district judge made no certification under 28 U.S.C. Sec. 1292(b).
 
 
 3
 Sanctions in the nature of civil penalties are normally deemed interlocutory and thus nonappealable. Johnny Pflocks, Inc. v. Firestone Tire & Rubber Co., 634 F.2d 1214 (9th Cir.1980). Where, in the context of discovery proceedings, the imposition of sanctions not constituting punishment for contempt may be reviewed and effectively corrected after entry of a final judgment, the rule of Cohen v. Beneficial Loan Corp., 337 U.S. 541 (1949), authorizing appeals of certain collateral orders, does not apply. Meche v. Dan-Tex International, Inc., 681 F.2d 264 (5th Cir.1982).
 
 
 4
 Appellants ask that the appeal be treated as a petition for a writ of mandamus if the motion to dismiss is granted, but the record contains no indication that the district judge has been served as required by Rule 21(a), Federal Rules of Appellate Procedure, and the extraordinary remedy of mandamus would not seem appropriate here in any event.
 
 
 5
 It is ORDERED that the motion to dismiss the appeal be and it hereby is granted.