Robert SARKISIAN,
Plaintiff-Appellee/Cross-Appellant,

v.

WINN–PROOF CORP., William A. Werner, and Wer-Nel Enterprises, Inc., Defendants-Appellants/Cross-Appellees.

CARSON MANUFACTURING COMPANY, INC. a California corporation, Plaintiff-Appellant,

v.

CARSONITE INTERNATIONAL CORPORATION, a Nevada corporation, High Performance Composites, a Nevada corporation, Defendants-Appellees.

Peter A. HAMMERQUIST,
Plaintiff-Appellee,

v.

CLARKE'S SHEET METAL, INC.,
Defendant-Appellant.

Nos. 78–3266, 78–3270, 79–4474
and 79–4589.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 14, 1982.

Decided Sept. 21, 1982.

100 S.Ct. 266, 62 L.Ed.2d 183 (1977).

648

John A. Artz, Harness, Dickey & Pierce, Birmingham, Mich., Grant L. Hubbard, Knobbe, Martens, Olson, Hubbard & Bear, Santa Ana, Cal., for Sarkisian.

John W. Stuart, Kolisch, Hartwell & Dickinson, Portland, Or., for Winn-Proof Corp., et al.

Harris Zimmerman, Oakland, Cal., for Carson Manufacturing Co.

Vaughn W. North, Thorpe, North, Western & Gold, Sandy, Ut., David D. Harrison, Felix & Harrison, Burlingame, Cal., for Carsonite International.

M. H. Hartwell, Jr., Kolish, Hartwell & Kickison, Portland, Or., for Hammerquist.

Daniel P. Chernoff, Chernoff & Vilhauer, P.C., Portland, Or., R. Douglas Lyon, Los Angeles, Cal., for Clarke's Sheet Metal, Inc.

Before BROWNING, Chief Judge, WRIGHT, GOODWIN, WALLACE, ANDERSON, TANG, SCHROEDER, FARRIS,

FERGUSON, NELSON and CANBY, Circuit Judges.*

## PER CURIAM:

Pursuant to Ninth Circuit General Order 5.5(d), we ordered rehearing en banc to address issues of patent law raised in three recent cases. *Sarkisian v. Winn-Proof Corp.,* 686 F.2d 671 (9th Cir. 1981); *Hammerquist v. Clarke's Sheet Metal, Inc.,* 658 F.2d 1319 (9th Cir. 1981); *Carson Manufacturing Co. v. Carsonite International Corp.,* 686 F.2d 665 (9th Cir. 1981). They are:

1. Is "synergism" or an "unusual or surprising result" a requisite to a finding of nonobviousness of a combination patent?

2. In determining nonobviousness, what questions may or must the trial court submit to the jury and what questions may or must it reserve to itself?

3. What are the proper standards of review of the answers of the district court and of the jury to these questions?

---

* Judge Skopil, not a member of the en banc court, recused himself and did not participate in the voting to take the cases en banc.

1. Although the Ninth Circuit has long equated synergism with "unusual or surprising" consequences, other circuits have adopted competing definitions. *See, e.g., NDM Corp. v. Hayes Products, Inc.,* 641 F.2d 1274 (9th Cir.), *cert. denied,* 454 U.S. 1123, 102 S.Ct. 970, 71 L.Ed.2d 109 (1981); *Tveter v. AB Turn-O-Matic,* 633 F.2d 831 (9th Cir. 1980), *cert. denied,* 451 U.S. 911, 101 S.Ct. 1983, 68 L.Ed.2d 300 (1981); *Rex Chainbelt Inc. v. Harco Products, Inc.,* 512 F.2d 993 (9th Cir.), *cert. denied,* 423 U.S. 831, 96 S.Ct. 52, 46 L.Ed.2d 49 (1975).

The Seventh Circuit, which has rejected the "synergism" test due to what the court felt were insurmountable definitional problems, defined synergism:

A definition of synergism that reflects its etymon is that the elements in the combination must cooperate or interact with each other. So defined, synergism distinguishes those inventions in which the parts are merely aggregated, and those in which the parts coact with each other so that the result comes from the combined effect of the several parts and not simply from the separate action of each. Under this formulation, the presence or absence of synergism proves little. Today, almost all mechanical devices

## INTRODUCTION

### I.

Synergism is one of a number of words and phrases used by the courts to express that the degree of innovation required to meet the constitutional test of invention or nonobviousness set forth in 35 U.S.C. § 103 is rarely found in a combination of old elements. The Supreme Court has not precisely defined the word, and circuit and district courts have variously described it.[1] Those various definitions have produced uncertainty in litigation requiring preciseness. Use of the word, therefore, should be avoided unless the combination in issue is synergistic in the literal sense.

We often have referred to the principle of synergism in our patentability opinions concerning combination inventions. A close reading of those decisions reveals that this circuit always has regarded synergism as a functional equivalent of the "unusual or surprising results" test as the proper means of assessing nonobviousness under 35 U.S.C. § 103.[2]

---

consist of parts which interact with each other.

*Republic Industries, Inc. v. Schlage Lock Co.,* 592 F.2d 963, 970 (7th Cir. 1949).

The Second Circuit, *see Champion Spark Plug Co. v. Gyromat Corp.,* 603 F.2d 361, 372 (2d Cir. 1979), *cert. denied,* 445 U.S. 916, 100 S.Ct. 1276, 63 L.Ed.2d 600 (1980), and the Tenth Circuit, *Plastic Container Corp. v. Continental Plastics of Oklahoma, Inc.,* 607 F.2d 885, 904–05 (10th Cir. 1979), *cert. denied,* 444 U.S. 1018, 100 S.Ct. 672, 62 L.Ed.2d 648 (1980), have followed the Seventh Circuit in its rejection of "synergism." In Chief Judge Markey's address, "The Synergism Virus: Cause and Cure," 496 BNA Patent, Trademark & Copyright Journal, D–1 to D–3 (Sept. 18, 1980), he condemned synergism as an impossible standard: " 'Synergism' in the dictionary sense is applicable only to chemistry, where, for example, one may combine two gases to produce a liquid, or to the allied drug act, where two drugs may have an effect greater when combined than when taken separately."

2. *See NDM Corp. v. Hayes Prods., Inc.,* 641 F.2d 1274 (9th Cir.), *cert. denied,* 454 U.S. 1123, 102 S.Ct. 970, 71 L.Ed.2d 109 (1981); *Tveter v. AB Turn-O-Matic,* 633 F.2d 831 (9th Cir. 1980), *cert. denied,* 451 U.S. 911, 101 S.Ct. 1983, 68 L.Ed.2d 300 (1981); *Satco, Inc. v. Transequip, Inc.,* 594 F.2d 1318 (9th Cir.), *cert. denied,* 444

■ To reduce the unforeseen confusion that this unnecessary use of equivalent terms has injected into the law of patentability in this circuit, we now hold that the unusual or surprising results test is the sole and exclusive measure of patentability for mechanical combination patents in this circuit. *See Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp.,* 340 U.S. 147, 152, 71 S.Ct. 127, 130, 95 L.Ed. 162 (1950).

The *Sarkisian* disquisition on the meaning of synergism, which attempts to distinguish between the "real" meaning of synergism and the unusual or surprising test, disavows the long-established test. The unacceptable effect of the *Sarkisian* analysis is to lower the standard of patentability for combination patents.[3] The standard of patentability expressed in the unusual or surprising test indicates the need to exercise caution when deciding to permit the patenting of a combination of old elements.

In reaffirming the unusual or surprising test as applied to a combination of old elements, we comply with the constitutional standard set out in *Graham v. John Deere Co.,* 383 U.S. 1, 17, 86 S.Ct. 684, 693, 15 L.Ed.2d 545 (1966), and necessarily embodied in § 103. As applied to a combination of old elements, "obviousness" is a term of art. The unusual or surprising formulation clarifies the obviousness standard as applied to combinations of old elements. That for-

U.S. 865, 100 S.Ct. 137, 62 L.Ed.2d 89 (1979); *Herschensohn v. Hoffman,* 593 F.2d 893 (9th Cir.), *cert. denied,* 444 U.S. 842, 100 S.Ct. 84, 62 L.Ed.2d 55 (1979); *Penn Int'l Indus. v. Pennington Corp.,* 583 F.2d 1078 (9th Cir. 1978).

3. The *Sarkisian* opinion correctly notes the axiom that hindsight is not relevant in litigation. What may seem surprising prior to the combination of old elements is more likely to appear common by hindsight. We reiterate that the test for obviousness should scrutinize the combination as of its announcement.

4. *NDM Corp. v. Hayes Products, Inc.,* 641 F.2d 1274, 1280 (9th Cir.), *cert. denied,* 454 U.S. 1123, 102 S.Ct. 970, 71 L.Ed.2d 109 (1981); *M–C Industries, Inc. v. Precision Dynamics Corp.,* 634 F.2d 1211, 1214 (9th Cir. 1980); *Tveter v. AB Turn-O-Matic,* 633 F.2d 831, 835 (9th Cir. 1980); *Palmer v. Orthokinetics, Inc.,* 611 F.2d 316, 323 (9th Cir. 1980); *Satco, Inc. v.*

mulation has been successful in so doing[4] and should be retained.

## II.

■ The constitutional standard of patentability set forth in *Graham v. John Deere Co.,* 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966), requires three findings of fact to support a conclusion about obviousness: (1) the nature of the prior art, (2) the differences between the prior art and the patented device, and (3) the level of ordinary skill in the pertinent art. *Id.* at 17, 86 S.Ct. at 693. These factual determinations are made by the fact finder, preferably by detailed special interrogatories in jury trials, and by detailed findings in nonjury trials. Fed. R. Civ. P. 52(a).

■ On the basis of these findings, the court must determine obviousness as a matter of law. *Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp.,* 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162 (1950). It may submit the question of obviousness to the jury for its guidance, *cf. Velo-Bind, Inc. v. Minnesota Mining & Mfg. Co.,* 647 F.2d 965, 971 (9th Cir.) (obviousness finding by the jury), *cert. denied,* 454 U.S. 1093, 102 S.Ct. 658, 70 L.Ed.2d 631 (1981), but retains the duty to decide the question independent of the jury's conclusion.

The *Hammerquist* opinion affirmed a jury's conclusion that a patent was not ob-

*Transequip, Inc.,* 594 F.2d 1318, 1322 (9th Cir.), *cert. denied,* 444 U.S. 865, 100 S.Ct. 137, 62 L.Ed.2d 89 (1979); *Herschensohn v. Hoffman,* 593 F.2d 893, 896–97 (9th Cir.), *cert. denied,* 444 U.S. 842, 100 S.Ct. 84, 62 L.Ed.2d 55 (1979); *Penn Int'l Industries v. Pennington Corp.,* 583 F.2d 1078, 1081 (9th Cir. 1978); *Photo Electronics Corp. v. England,* 581 F.2d 772, 775, 781 (9th Cir. 1978); *Rex Chainbelt Inc. v. Harco Products, Inc.,* 512 F.2d 993, 999 (9th Cir.), *cert. denied,* 423 U.S. 831, 96 S.Ct. 52, 46 L.Ed.2d 49 (1975); *Hewlett-Packard Co. v. Tel-Design, Inc.,* 460 F.2d 625, 629 (9th Cir. 1972); *Reeves Instrument Corp. v. Beckman Instruments, Inc.,* 444 F.2d 263, 270–71 (9th Cir.), *cert. denied,* 404 U.S. 951, 92 S.Ct. 283, 30 L.Ed.2d 268 (1971); *Santa Anita Mfg. Corp. v. Lugash,* 369 F.2d 964, 966–67 (9th Cir. 1966), *cert. denied,* 389 U.S. 827, 88 S.Ct. 83, 19 L.Ed.2d 83 (1967).

vious. It focused on the court's instructions to the jury and the jury's conclusions and findings. Nevertheless, we are satisfied that the *Hammerquist* panel found a sufficient intervention by the judge. It noted:

> We are satisfied that the trial judge carefully performed his duty in reviewing the jury's verdict. He adopted as his own the jury's law application.

658 F.2d at 1323.

Portions of *Hammerquist* appear to approve committing the ultimate question of obviousness to the jury upon proper instructions in the law. *E.g., id.* at 1322 ("The question of obviousness for the purpose of allocating the work between judge and jury is a question for the trier of fact upon proper instruction on the law."). Because we hold that the court ultimately must decide obviousness specifically as a matter of law, we disapprove any language or procedure apparently to the contrary in *Hammerquist.*

### III.

■ The appropriate standard of appellate review simply depends on which portion of the obviousness inquiry is in issue. The predicate factual determinations are reviewed under the appropriate standard for findings of fact. If made by the jury, we review for support by substantial evidence. *California Computer Products v. International Business Machines Corp.,* 613 F.2d 727, 734 (9th Cir. 1979). We review a judge's findings under the clearly erroneous test. Fed. R. Civ. P. 52(a).

■ The ultimate question of obviousness, including whether the combination in issue displays an unusual or surprising result, is a question of law. It is subject to our independent review.

### IV.

In summary, we hold the following:

1. A determination of an "unusual or surprising result" is a requisite to a finding of nonobviousness of a combination patent.

2. (a) In determining nonobviousness in all patent litigation, the trial court in a jury trial must submit to the jury determination of (i) the nature of the prior art, (ii) the differences between the prior art and the patented device, and (iii) the ordinary level of skill in the pertinent art. *Graham v. John Deere Co.,* 383 U.S. 1, 17–18, 86 S.Ct. 684, 693–694, 15 L.Ed.2d 545 (1966).

(b) The court may submit the ultimate fact of obviousness to the jury for a nonbinding advisory opinion. *Cf. Velo-Bind, Inc. v. Minnesota Mining & Mfg. Co.,* 647 F.2d 965, 971 (9th Cir.), *cert. denied,* 454 U.S. 1093, 102 S.Ct. 658, 70 L.Ed.2d 631 (1981).

(c) The court must, in all cases, determine obviousness as a question of law independent of the jury's conclusion. Constitutional standards of patentability must not be evaded by improper fact finding. *Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp.,* 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162 (1950); *see also Speed Shore Corp. v. Denda,* 605 F.2d 469, 471 (9th Cir. 1979).

3. (a) On appeal to this court, we review the factual findings made by the jury under the substantial evidence test and those by the judge using the clearly erroneous test of Fed. R. Civ. P. 52(a).

(b) The legal question of obviousness is subject to independent review by this court, free of the restraining influence of the clearly erroneous rule.

### CONCLUSION

We remand the *Sarkisian* case to the panel for determination, in accordance with this opinion, whether the patented device produced an unusual or surprising result.

In *Hammerquist,* the court adequately determined whether the jury's conclusion of obviousness was appropriate as a matter of law. Any portion of that opinion that implies the question of obviousness is simply a question of fact, subject to the substantial evidence test, is disapproved. All statements in *Hammerquist* that approve the use of the term "synergism" are disapproved.

The *Carson* opinion is not in conflict with this opinion. Any statement therein that may reflect approval of the use of the word "synergism" is disapproved.