**AUTOMATION ELECTRONICS CORPORATION,**
Plaintiff-Appellee,

v.

**SANDERS INSTRUMENTS, INC.,**
Defendant-Appellant.

No. 80–4327.

United States Court of Appeals,
Ninth Circuit.

Argued Feb. 8, 1982.

Submitted Nov. 29, 1982.

Decided April 27, 1983.

David Harrison, Harrison & Harrison, San Mateo, Cal., for plaintiff-appellee.

Harvey G. Lowhurst, Lowhurst & Aine Atherton, Cal., for defendant-appellant.

Before CHOY, PREGERSON and POOLE, Circuit Judges.

POOLE, Circuit Judge:

This is an appeal from a general jury verdict finding that a telephone answering and sequencing device made by appellant Sanders Instruments, Inc., infringed a patent (the Giordano patent) held by appellee Automation Electronics Corp. The devices under consideration are small converters which can be connected to standard multiple line telephones by means of a plug and jack. Automation Electronics' device was initially hardwired while appellant's device uses a microprocessor. Each instrument performs two functions: (1) it answers the incoming call, plays a recording that informs the caller that his call will be handled in the order received, and plays background music; (2) it indicates with a flashing light the longest unanswered call.

At trial, testimony indicated that the Automation device could be built with a microprocessor, and in fact Automation Electronics is now selling a microprocessor version of the patent. The Detailed Description of a Preferred Embodiment for the Giordano patent states that the system "could also be implemented, presently at greater expense and with less convenience, with microprocessor technology...." Evidence was also offered in the form of expert testimony that the supposed "crucial" differences between the two devices were actually insubstantial.

At the close of evidence, the trial court presented the issues of obviousness and infringement to the jury, which found for the plaintiff on both. After Sanders Instruments appealed, we stayed our decision on that appeal pending this court's en banc decision in *Sarkisian v. Winn-Proof Corp.*, 688 F.2d 647 (9th Cir.1982). Now that *Sarkisian* has been decided, we affirm on the issue of infringement, but we reverse and remand on the issue of obviousness.

According to *Sarkisian*, it was error for the trial court to submit the obviousness issue to the jury as a factual question.

*Sarkisian* held that it is the duty of the trial court to determine obviousness as a matter of law. *Id.* at 651. Although the issue may be submitted to the jury for a non-binding advisory opinion, it is the trial court's responsibility to make the final determination independent of the jury's recommendation. *Id.* We therefore remand with the instruction that the trial court determine the obviousness of the Giordano patent as a matter of law.

■ The infringement issue, however, need not be relitigated. The appellee's evidence showing a "substantial identity of function, means, and result," *Del Mar Engineering Laboratories v. Physio-Tronics, Inc.*, 642 F.2d 1167, 1174 (9th Cir.1981), was substantial and therefore sufficient to get to the jury. *See Omark Industries, Inc. v. Textron, Inc.*, 688 F.2d 1242, 1250 (9th Cir. 1982); *Control Components, Inc. v. Valtek, Inc.*, 609 F.2d 763, 770 (5th Cir.), *cert. denied*, 449 U.S. 1022, 101 S.Ct. 589, 66 L.Ed.2d 484 (1980).

REVERSED AND REMANDED IN PART AND AFFIRMED IN PART.