DEDHAM WATER COMPANY,
Plaintiff,

v.

CUMBERLAND FARMS DAIRY,
INC., Defendant.

Civ. A. No. 82–3155–MC.

United States District Court,
D. Massachusetts.

May 3, 1983.

Thomas F. Holt, Jr., Edward I. Selig, Joanne Kadishi, Lawrence S. DiCara, DiCara, Selig & Holt, Boston, Mass., John R. Cope, Bracewell & Patterson, Washington, D.C., for plaintiff.

Allan Van Gestel, Goodwin, Procter & Hoar, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

McNAUGHT, District Judge.

In this action, filed on October 21, 1982, the plaintiff seeks injunctive relief and damages allegedly arising out of the defendant's releases of hazardous materials which have leached into the aquifer underlying the "White Lodge Well Field" owned and used by the plaintiff to provide water to the communities of Dedham and Westwood. The plaintiff seeks relief under (1) the Federal Water Pollution Control Act, 33 U.S.C. §§ 1251, *et seq.* (Clean Water Act); (2) the Resource Conservation and Recovery Act of 1976, 42 U.S.C. §§ 6901, *et seq.* (RCRA); (3) the Comprehensive Environmental Response, Compensation and Liability Act of 1980, 42 U.S.C. §§ 9601, *et seq.* (CERCLA); (4) the Massachusetts Clean Waters Act, M.G.L. c. 21, § 27(14); and (5) Massachusetts common law.

The defendant has moved for dismissal of the complaint on the grounds that none of the three federal statutes provides an implied private right of action and that the plaintiff has failed to comply with certain pre-suit requirements. In addition, the defendant contends that the plaintiff has failed to meet the pre-suit requirements in the Massachusetts Clean Waters Act and that without a claim under the federal statutory counts there is no pendent jurisdiction over the state law counts.

The plaintiff filed suit on October 21, 1982 after sending formal notice letters to the defendant, the Commonwealth of Massachusetts, and the EPA on October 8, 1982.

### I. Clean Water Act Claim

In Count IV of its complaint, the plaintiff seeks to enjoin the defendant's releases of hazardous materials into the Neponset River. Section 1365 of Title 33 expressly authorizes private citizens to seek injunctive relief to enforce the provisions of the Clean Water Act. *See Middlesex County Sewerage Authority v. National Sea Clammers Association,* 453 U.S. 1, 14, 101 S.Ct. 2615, 2623, 69 L.Ed.2d 435 (1981). The plaintiff does not seek relief based upon some implied private right of action but rather upon the express citizens' suit provision of the Clean Waters Act.

The plaintiff has admitted that it did not wait to commence this suit until 60 days after it had given formal notice to the defendant, to the EPA, and to the Commonwealth. The Court of Appeals for the First Circuit has held that the 60-day notice requirement of 33 U.S.C. § 1365(b) is jurisdictional. *Commonwealth of Massachusetts v. United States Veterans Administration,* 541 F.2d 119, 121 (1st Cir.1976). Absent the curing of the jurisdictional defect by the filing of a supplemental complaint or "substantial compliance" with the § 1365(b) notice requirement, this suit must be dismissed. *See id.* at 121–122.

There has been no supplemental complaint filed. The complaint was amended on December 2, 1982, to formally allege notice to the defendant, the EPA, and the Commonwealth. That amendment, however, does not cure the jurisdictional defect since sixty days had not passed from the date of the notice, October 8, 1982, to the date of the amendment, December 2, 1982.

█ The plaintiff, however, has substantially complied with the notice provision of § 1365(b). As the First Circuit has stated, "The citizens' suit provisions under the FWPCA [Clean Water Act] were designed to supplement and expedite administrative action to abate violations of the Act... Recourse to the courts is appropriate only when the administrative action taken is less than adequate." *Id.* at 121.

As indicated in the complaint and the exhibits thereto, the defendant and the Commonwealth were aware of the discharges by the defendant at least as early as February, 1982. Similarly, the EPA indicated its awareness of the discharges in a letter to the defendant dated March 29, 1982 (Exhibit B to the Plaintiff's Memorandum in Opposition to the Defendant's Motion to Dismiss). The Commonwealth apparently has filed an enforcement action against the defendant in state court. That action, according to the plaintiff, does not

address the plaintiff's claims under the federal statutes upon which this suit is based.

Shortly after the plaintiff notified the defendant of its intention to sue, the defendant replied and denied the charges made by the plaintiff and hinted strongly that it would counterclaim for libel and abuse of process. (See Exhibit D to the Plaintiff's Memorandum in Opposition to the Defendant's Motion to Dismiss).

Since the notice of intent to sue was given on October 8, 1982, the plaintiff says that no action has been taken by the EPA to address the charges which it has brought. Finally, I note that sixty days have now passed since notice letters were sent by the plaintiff.

Under these circumstances, the plaintiff has made a sufficient showing of constructive compliance with the notice requirement of § 1365(b) and I decline to dismiss the claims made under the Clean Water Act.

## II. RCRA Claim

The notice requirement of RCRA contained in 42 U.S.C. § 6972(b) is virtually identical to the notice requirement of the Clean Water Act, 33 U.S.C. § 1365(b).

For the same reasons given in Part I, *supra,* I find that the plaintiff has constructively complied with the notice requirement of 42 U.S.C. § 6972(b) and I decline to dismiss the plaintiff's claims under RCRA.

## III. CERCLA Claim

■ In support of its motion to dismiss the CERCLA claim, the defendant argues (1) that there is no private right of action under 42 U.S.C. § 9607, (2) that the plaintiff has not complied with the 60-day notice requirement contained in 42 U.S.C. § 9612, and (3) that the plaintiff's actions are not consistent with the national contingency plan in effect at the time the plaintiff acted.

### (A) Private Right of Action

Title 42 U.S.C. § 9607(a) provides in pertinent part,

Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section—

(1) the owner and operator of a vessel ... or a facility,

(2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,

..... shall be liable for—

(A) all costs of removal or remedial action incurred by the United States Government or a State ...

(B) any other necessary costs of response incurred by any other person consistent with the national contingency plan; and

(C) damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss resulting from such a release.

That section gives private parties the right to seek response costs from the responsible persons rather than making a claim pursuant to § 9611 against the Hazardous Substance Response Trust Fund. The ability of the plaintiff to claim against the Fund does not preclude it from seeking to recover its response costs from the defendant. Section 9607 does set forth a private right of action by which parties may seek reimbursement of those costs from the responsible persons.

### (B) 60-Day Notice Provision

■ Title 42 U.S.C. § 9612 requires parties seeking response costs under § 9607 to make demand for those costs upon the responsible party at least sixty days before commencing suit. For the same reasons expressed in Part I, *supra,* I find that the plaintiff in this case has constructively complied with the notice requirement of § 9612.

### (C) Response Costs

At this point in the proceedings, I cannot determine whether the plaintiff's response costs are consistent with the national contingency plan. Consistency with the plan

"is not an issue that can be resolved on the pleadings ... its disposition must await the development of a record." *City of Philadelphia v. Stepan Chemical Co.*, 544 F.Supp. 1135, 1144 (E.D.Pa.1982).

For these reasons, the defendant's motion to dismiss the CERCLA claim is denied.

*IV. State Law Claims*

■ The plaintiff's causes of action based on Massachusetts statutory and common law state claims upon which relief may be granted. The motion to dismiss those claims is denied.

*V. Conclusion*

For the foregoing reasons, the defendant's motion to dismiss is denied in all respects.