UNITED STATES of America, Plaintiff,

v.

ALLIED CHEMICAL CORP., et al., Defendants.

No. C–83–5898 SC.

United States District Court,
N.D. California.

April 27, 1984.

**1206**

David G. Leach, Leach & Schneider, San Francisco, Cal., for Joe and Wilda D. Sobotka.

David W. Long, Ann Fingarette Hasse, John M. Smith, San Francisco, Cal., for Southern Pacific.

Barry P. Goode, Patricia L. Shanks, Robert W. Bergstrom, McCutchen, Doyle, Brown & Enersen, San Francisco, Cal., for Allied Corp.

John H. Ernster, Clay M. Smith, Los Angeles, Cal., for Santa Fe Ind & Atchison.

## ORDER RE DEFENDANTS' MOTIONS TO DISMISS

CONTI, District Judge.

This matter is before the court on defendant Santa Fe's motion to dismiss the fifth cause of action for failure to state a claim upon which relief may be granted and on defendant Allied Chemical Corporation's motion to dismiss the remaining four causes of action for failure to state a claim upon which relief may be granted or, in the alternative, for a more definite statement.

This action arises out of the alleged release of hazardous substances by defendants onto, or to the detriment of, property at the U.S. Naval Weapons Station in Concord. Plaintiff's complaint alleged five causes of action based on this alleged release of hazardous substances. The first cause of action is for the costs incurred or to be incurred by the government in remedying the alleged release of hazardous substances by defendants, pursuant to the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C. §§ 9601, *et seq.* The second cause of action is for damages to plaintiff's natural resources caused by the hazardous substances, again pursuant to CERCLA. The third cause of action is for nuisance. The fourth cause of action is for trespass. The fifth cause of action is directed to defendant Santa Fe Industries for its alleged breach of a warranty to convey a parcel of land to plaintiff free of encumbrances.

■ Defendant Santa Fe Industries (Santa Fe) argues that the fifth cause of action should be dismissed for failure to state a claim upon which relief may be granted because, assuming for purposes of this motion that hazardous substances were present on the land at the time of conveyance, such presence would not constitute an "encumbrance" on the land in breach of Santa Fe's warranty to plaintiff.

Plaintiff argues that the term "encumbrance" is broad enough to include the presence of hazardous substances. However, the only authorities cited have interpreted "encumbrance" to include only liens, easements, restrictive covenants and other such interests in or rights to the land held by third persons. *See Evans v. Faught,* 231 Cal.App.2d 698, 706, 42 Cal.Rptr. 133 (1965). Plaintiff has given no authority establishing its broad argument that any physical condition, including the presence of hazardous substances, is an "encumbrance" if "not visible or known" at the time of conveyance.

The court declines to interpret "encumbrance" as broadly as plaintiff urges. The court finds that, under current law, the term "encumbrance" does not extend to the presence of hazardous substances alleged in this case. Consequently, the fifth cause of action fails to state a claim upon which relief may be granted because the facts alleged in the complaint, even if proven, would not establish a cause of action for breach of the alleged covenant of conveyance free of encumbrances. Accordingly,

Santa Fe's motion to dismiss the fifth cause of action is granted.

Defendant Allied Chemical Corporation (Allied) has, based on various arguments, moved for dismissal of the first four causes of action for failure to state a claim upon which relief may be granted.

■ First, Allied argues that plaintiff's first and second causes of action based on CERCLA should be dismissed because plaintiff failed to follow the notice of claim requirements of 42 U.S.C. § 9612(a).

CERCLA is a comprehensive act. establishing liability for certain costs associated with the release of hazardous substances. Among other things, the Act establishes a Fund from which may be paid costs incurred in responding to a release of hazardous substances and for damages caused to natural resources by such release. 42 U.S.C. §§ 9604, 9607, 9611, 9631.

42 U.S.C. section 9612(a) provides that "all claims which may be asserted against the Fund" must first be presented to, among others, the person responsible for costs under 42 U.S.C. section 9607. Where the claim has not been satisfied within sixty days of presentation, the claimant may then "elect to commence an action in court" against the responsible party "or to present the claim to the Fund for payment." 42 U.S.C. § 9612(a).

Defendant argues that failure to allege that claim was made pursuant to 42 U.S.C. section 9612(a) results in failure to state a claim under CERCLA. The court agrees.

Plaintiff argues that section 9612(a) does not apply to court actions commenced by the government pursuant to 42 U.S.C. section 9607. Although this is a matter of first impression and there is some support for plaintiff's argument, the court finds that the claims procedure required by section 9612(a) does govern actions by the government pursuant to section 9607.

42 U.S.C. section 9612(a) requires "all claimants" to first make a claim in writing to the responsible party before instituting court action or presenting a claim to the Fund for payment. "Claimant" is defined as "any person who presents a claim for compensation under this chapter." 42 U.S.C. § 9601(5). "Person" is defined to include the U.S. government. 42 U.S.C. § 9601(21). A claim under section 9607 is a claim within chapter 103, the chapter referred to in section 9601(5).

Although there is some support for the argument that the government should be treated differently than private claimants for purposes of section 9612(a), the language of the Act itself does not support that argument. Section 9607(g) provides:

Each department, agency, or instrumentality of the executive, legislative, and judicial branches of the Federal Government shall be subject to, and comply with, this chapter in the same manner and to the same extent, both procedurally and substantively, as any nongovernmental entity, including liability under this section.

This provision would seem to require that the federal government comply with section 9612(a), just as any other claimant must comply with that section.

Consequently, the court finds that a claim by the government under section 9607 is governed by section 9612(a). Because notice of claim pursuant to section 9612(a) is a prerequisite to bringing suit under section 9607, plaintiff must allege compliance with section 9612(a) in order to state a claim upon which relief may be granted under section 9607.

In its opposition to this motion, plaintiff alleges that it did comply with the requirements of section 9612(a). Plaintiff states that it sent a "claim" to Allied on October 7, 1983, more than sixty days before filing the complaint herein.

■ Although the complaint as presently drafted fails to state a claim under CERCLA, the court deems it appropriate to allow plaintiff to amend its complaint to allege compliance with 42 U.S.C. section 9612(a). Leave to amend shall be freely given when justice so requires. Fed.R.Civ.P. 15(a). The decision whether to permit amendment is committed to the sound discretion of the

trial court. *See Halet v. Wend Investment Co.*, 672 F.2d 1305, 1310 (9th Cir.1982).

In the circumstances of this case, the court finds that it is just and proper to allow plaintiff to amend its complaint to allege that it presented a claim to Allied in accordance with 42 U.S.C. section 9612(a) by the letter dated October 7, 1983. Accordingly, the court hereby deems the complaint amended to insert such an allegation. *See City of Philadelphia v. Stepan Chemical Co.*, 544 F.Supp. 1135, 1143–44 (E.D. Pa.1982). Because the complaint is now amended to insert the necessary allegation of compliance with 42 U.S.C. section 9612(a), the first and second causes of action do not, on this ground, fail to state a claim upon which relief may be granted.

■ Allied, in its papers on this motion, admits that it received the October 7, 1983, letter which plaintiff asserts constitutes its "claim" to defendant pursuant to section 9612(a). Defendant argues, however, that that letter is deficient notice of plaintiff's claim because it fails to demand a sum certain for response costs and damages as required by sections 9601(4) and 9612(a).

42 U.S.C. section 9612(a) requires the claimant to present a "claim" to the responsible party before instituting court action under the code provisions. A "claim" is defined as a "demand in writing for a sum certain." 42 U.S.C. § 9601(4). Defendant argues that plaintiff's October 7, 1983, letter is deficient as a "claim" because it does not demand a set amount of money.

Under the circumstances of this case, the court finds that plaintiff's October 7, 1983, letter substantially complied with the requirements for a proper "claim." The letter (attached to plaintiff's opposition to this motion) was in writing and presented more than sixty days before the complaint was filed. The letter stated that the government had done extensive testing and discovered various hazardous substances on property surrounding Allied's plant. The letter stated that the government considered Allied liable because "the records clearly indicate a causal connection between Allied's operations and the presence

of hazardous wastes." The letter further stated that the government considered Allied responsible "on a continuing basis for remedial measures to mitigate, abate, and remove the hazardous contaminants."

It is undisputed that the letter makes no demand for any particular sum of money. However, the letter states that Allied is responsible "on a continuing basis" for "remedial measures." This language logically puts Allied on notice that the government considers Allied responsible for the costs of these "remedial measures." In this case, plaintiff is not sure exactly what costs will be incurred in remedying the harm allegedly caused by Allied's alleged release of hazardous substances or exactly what damages have occurred to plaintiff's natural resources. As the complaint makes clear, only a portion of the estimated overall costs have been expended to date, and the exact amount of damages to plaintiff's natural resources is unknown.

Given the circumstances of this case and the unclear and possibly undiscoverable extent of damages caused by the alleged presence of hazardous substances, it is unreasonable to expect that the government, on October 7, 1983, should have been able to claim a definite sum of money from defendant for the alleged harms caused by Allied's alleged release of hazardous substances.

Consequently, given the circumstances of this case and plaintiff's inability to ascertain the exact amount of damages it could assert against defendant, the court finds that plaintiff's October 7, 1983, letter gave defendant fair notice of plaintiff's claim and is in substantial compliance with the requirements of 42 U.S.C. section 9612(a). Accordingly, plaintiff's complaint does not fail to state a claim upon which relief may be granted due to noncompliance with 42 U.S.C. section 9612(a).

■ Allied further argues that the first and second causes of action based on CERCLA do not state a claim upon which relief may be granted because the allegations of the complaint do not establish that

Allied is a "responsible party" or that the material involved is a "hazardous substance" under CERCLA, 42 U.S.C. §§ 9607(a), 9601(14).

The standard to be applied in ruling on a motion to dismiss under Rule 12(b)(6) is well established. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). All allegations in the complaint must be construed in favor of the plaintiff. *De La Cruz v. Tormey,* 582 F.2d 45, 48 (9th Cir. 1978), *cert. denied,* 441 U.S. 965, 99 S.Ct. 2416, 60 L.Ed.2d 1072 (1979). If plaintiff's complaint fairly puts defendant on notice as to what plaintiff's claim is and the grounds upon which it rests, that is sufficient under Federal Rule of Civil Procedure 8(a). The liberal opportunity for discovery allows defendant to "disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues." *Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957).

Applying this standard, the court finds that, taking all the allegations in the complaint and construing them in favor of plaintiff, plaintiff does state claims under CERCLA in its first and second causes of action. As argued in plaintiff's opposition to this motion, the complaint does allege facts which would make Allied a "responsible party" under 42 U.S.C. section 9607(a). *See* Complaint at ¶¶ 9, 13. The complaint sufficiently alleges that the complained of materials are "hazardous substances." *See* Complaint at ¶¶ 12, 13 (alleging that the Navy determined the substances to be "hazardous"). Consequently, the first and second causes of action do not fail to state a claim upon which relief may be granted.

▪ Allied argues that plaintiff's third cause of action for nuisance does not state a claim because it is not clear whether plaintiff relies on the theory of public or private nuisance and because the release of hazardous substances is not sufficiently alleged to constitute a "nuisance" under California law.

The court finds that plaintiff's third cause of action does fairly put defendant on notice that plaintiff alleges a claim for both private and public nuisance resting on the grounds that defendant has released hazardous substances onto plaintiff's property which are unsafe and harmful to plaintiff's property. Under the liberal federal notice pleading rules, no more is required. Consequently, plaintiff does sufficiently state a claim in its third cause of action.

▪ Allied argues that plaintiff's fourth cause of action for trespass does not state a claim upon which relief may be granted because plaintiff does not allege that it owned the property at the time of the alleged trespass or that defendant's conduct was negligent or intentional.

The court finds that the complaint does sufficiently state a claim for trespass. Plaintiff alleges that it owned the property at the time the alleged trespass occurred and that defendant's conduct was without plaintiff's consent and to plaintiff's harm. *See* Complaint at ¶¶ 13, 31. Under the federal rules of pleading, these allegations do state a claim upon which relief may be granted.

▪ Allied has, in the alternative to its motion to dismiss, moved for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Given the liberal discovery available under the federal rules, motions for a more definite statement are generally disfavored. *See Famolare, Inc. v. Edison Bros. Stores, Inc.,* 525 F.Supp. 940, 949 (D.C.Cal.1981). The circumstances of this case do not warrant granting defendant's motion for a more definite statement. The complaint is clearly not so vague or ambiguous that defendant cannot reasonably frame its response. *See Famolare v. Edison,* 525 F.Supp. at 949. Therefore, a more definite statement is not appropriate.

In accordance with the foregoing, it is hereby ordered that:

2

1. Defendant Santa Fe's motion to dismiss the fifth cause of action is granted;

2. Defendant Allied's motion to dismiss the remaining four causes of action is denied; and

3. Defendant Allied's motion for a more definite statement is denied.