The STATE OF IDAHO, Plaintiff,

v.

The BUNKER HILL COMPANY, a Delaware corporation; Pintlar Corporation, a Delaware corporation; Gulf Resources & Chemical Corporation, a Delaware corporation; and John Does 1 to 500, Defendants.

GULF RESOURCES & CHEMICAL CORPORATION, Third-Party Plaintiff,

v.

The AETNA CASUALTY AND SURETY COMPANY and the Home Indemnity Company, Third-Party Defendants.

GULF RESOURCES & CHEMICAL CORPORATION, and Pintlar Corporation, Third-Party Plaintiffs,

v.

The FIDELITY AND CASUALTY COMPANY OF NEW YORK; Pacific Insurance Company; Continental Re-Insurance Corporation; First State Insurance Company; Northwestern National Insurance Company, Northwestern National Casualty Company; Admiral Insurance Company; the Insurance Company of the State of Pennsylvania; and Pacific Indemnity Company (CHUBB), Third-Party Defendants.

PINTLAR CORPORATION, Third-Party Plaintiff,

v.

UNDERWRITERS AT LLOYD'S, LONDON, Third-Party Defendant.

AETNA CASUALTY AND SURETY COMPANY, Third-Party Plaintiff,

v.

FIRST STATE INSURANCE COMPANY, Northwestern National Insurance Company, and Northwestern National Casualty Company, Third-Party Defendants.

CONTINENTAL RE-INSURANCE CORPORATION, a California corporation; Pacific Insurance Company, a California corporation; and Fidelity & Casualty Company of New York, a New York corporation, Third-Party Plaintiffs,

v.

FIRST STATE INSURANCE COMPANY, Northwestern National Insurance Company, and Northwestern National Casualty Company, Third-Party Defendants.

PINTLAR CORPORATION, Third-Party Plaintiff,

v.

INSURANCE COMPANY OF NORTH AMERICA, Third-Party Defendant.

AETNA CASUALTY & SURETY CO., a corporation, Plaintiff,

v.

GULF RESOURCES & CHEMICAL CORPORATION, a Delaware corporation; the Bunker Hill Company, a Delaware corporation; Pintlar Corporation, a Delaware corporation, Defendants.

CONTINENTAL RE-INSURANCE CORPORATION, a California corporation; Pacific Insurance Company, a California corporation; Fidelity & Casualty Company of New York, a New York corporation; and Northbrook Insurance Company, an Illinois corporation, Plaintiffs,

v.

The BUNKER HILL COMPANY, a Delaware corporation; and Gulf Resources & Chemical Corporation, a Delaware corporation, Defendants.

Civ. Nos. 83–3161, 84–3071 and 84–1155.

United States District Court, D. Idaho.

May 7, 1986.

Jim Jones, Atty. Gen., State of Idaho, P. Mark Thompson, Deputy Atty. Gen., Chief, Sheila Glusco Bush, Deputy Atty. Gen., Administrative Law & Litigation Div., Boise, Idaho, for State of Idaho.

William F. Boyd, Fred M. Gibler, Charles L.A. Cox, Evans Keane Koontz Boyd & Ripley, Kellogg, Idaho, James P. Keane, Evans Keane Koontz Boyd & Ripley, Coeur d'Alene, Idaho, for Bunker Hill, Pintlar and Gulf Resources.

R.B. Kading, Jr., Scott D. Hess, Warren Jones, Eberle Berlin Kading Turnbow & Gillespie, Boise, Idaho, for Pacific Indem. and Aetna Cas.

R.B. Rock, Robert B. Luce, Kristi Emig-Mark, Moffatt Thomas Barrett & Blanton, Boise, Idaho, for Home Indem. Co.

John P. Howard, Marc A. Lyons, Quane Smith Howard & Hull, Boise, Idaho, for Fidelity & Cas., Pacific Ins., Continental Re-Insurance and Northbrook Ins.

Richard C. Mellon, Jr., D. Alan Kofoed, Elam Burke & Boyd, Boise, Idaho, for First State Ins., Northwestern Nat. Ins. and Northwestern Nat. Cas.

Howard Humphrey, Clemons Cosho & Humphrey, Boise, Idaho, Frank R. Morrison, Jr., Bassett & Morrison, Seattle, Wash., for The Ins. Co. of Pennsylvania.

James B. Lynch, Scott W. Marotz, Charles R. Clark, Imhoff & Lynch, Boise, Idaho, for Admiral Ins.

James P. Barber, Ray L. Wong, William J. Casey, Hancock Rothert & Bunshoft, San Francisco, Cal., Gardner W. Skinner, Jr., Robert D. Lewis, Cantrill Skinner Sullivan & King, Boise, Idaho, for Underwriters at Lloyd's, London-Jervois.

## MEMORANDUM OPINION AND ORDER

RYAN, District Judge.

### I. INTRODUCTION

On May 1, 1986, the court held a hearing on the sixty-day notice issue raised pursuant to CERCLA provision Section 112(a), 42 U.S.C. § 9612(a). At the request of the parties, the court determined to hear this issue apart from all other issues pending in this matter since it carries jurisdictional overtones. All parties were represented by respective counsel. After taking the matter under advisement, the court hereby submits this memorandum opinion and order.

### II. ANALYSIS

The defendants contend that the sixty-day notice condition contained in CERCLA Section 112(a) is a condition which must be satisfied as a jurisdictional prerequisite to suits under Section 107. The plaintiff con-

tends that Section 112(a) is only applicable to claims made pursuant to Section 111 and not to suits brought pursuant to Section 107, and is, in any event, not a jurisdictional prerequisite.

CERCLA provision Section 112(a), 42 U.S.C. § 9612(a), reads:

All claims which may be asserted against the Fund pursuant to section 111 of this title [42 U.S.C. § 9611] shall be presented in the first instance to the owner, operator, or guarantor of the vessel or facility from which a hazardous substance has been released, if known to the claimant, and to any other person known to the claimant who may be liable under section 107 of this title [42 U.S.C. § 9607]. In any case where the claim has not been satisfied within sixty days of presentation in accordance with this subsection, the claimant may elect to commence an action in court against such owner, operator, guarantor or other person or to present the claim to the Fund for payment.

The State has acknowledged that it did not send a notice of claim to the defendant sixty days prior to filing its Complaint. It is undisputed that the State mailed a notice to the defendants on December 8, 1983, the day before the Complaint was filed.

The court's analysis with respect to the applicability of this section to a claim under Section 107 must begin with the language of the statute. Section 107 provides a cause of action against responsible owners or operators and Section 111 provides a mechanism for relief against the Fund. It should be noted, then, that Section 112 follows the section dealing with a claim against the Fund and not the section which grants a cause of action against an owner or operator. The court recognizes, however, that Section 112(d) contains the statute of limitations applicable to all provisions under CERCLA and, thus, Section 112 is not wholly independent of Section 107. *See State of Colorado v. ASARCO, Inc.,* 616 F.Supp. 822, 824–25 (D.Colo.1985).

The first sentence of Section 112(a) states that any claims which may be assert-

ed against the *Fund* pursuant to Section 111 must first be presented to potentially liable private parties. In analyzing this sentence, the court has determined that the word "may" refers not to the possibility of a claim against the Fund, but rather, refers to claims which are allowed to be made against the Fund by virtue of Section 111. Further, this first sentence only deals with claims made against the Fund pursuant to Section 111. If Congress had intended the sixty-day requirement to apply to Section 107 causes of action, it very easily could have included in the first sentence after "pursuant to section 111," the clarifying phrase, "or section 107." With that simple addition of a reference to Section 107, Congress could have expressly included the sixty-day notice requirement to claims against the Fund and claims against potentially liable parties. It did not.

The second sentence of Section 112(a) states that, "[i]n any case where the claim has not been satisfied within sixty days of presentation in accordance with this subsection," a claim may be made against potentially liable parties in court or against the Fund. The phrase, "in any case," is limited internally by "subsection." As noted above, subsection 112(a) refers only to claims made pursuant to Section 111, and therefore, the phrase "in any case" cannot be read to expand the subsection to include claims made pursuant to Section 107. For a discussion regarding the legislative history which supports this interpretation see *State of Colorado v. ASARCO, Inc.,* 616 F.Supp. 822, 826 (D.Colo.1985). The Senate Report to Senate Bill 1480, discussing the procedure under Section 112(a), makes reference to notice in "all instances ... prior to pursuing any rights under this section." S.Rep.No. 848, 96th Cong., 2d Sess. 81 (1980). The language used in the Senate Report is consistent with the above analysis.

The court is aware of eight federal district court cases which bear directly on this issue. Apparently, there are no federal appellate decisions dealing with the notice

requirement provision in Section 112(a). A brief analysis of those cases is appropriate.

In *Dedham Water Co. v. Cumberland Farms Dairy, Inc.,* 588 F.Supp. 515 (D.Mass.1983), the court concluded, without statutory or legislative history analysis, that Section 112 requires a demand upon potentially responsible parties at least sixty days before commencing suit under Section 107. The court, however, held that the plaintiff constructively complied with the notice requirement since the defendant was aware of the discharges that had occurred and that sixty days had passed and no action had been taken since the notice of intent to sue was given on the same day the original Complaint was filed. The *Dedham* court did not address the question of whether the sixty-day notice requirement was jurisdictional. The court merely stated that the plaintiff must make a demand sixty days prior to filing suit, but then allowed for substantial compliance.

In *United States v. Allied Chemical Corp.,* 587 F.Supp. 1205 (N.D.Calif.1984), the court concluded that: "42 U.S.C. section 9612(a) requires 'all claimants' to first make a claim in writing to the responsible party before instituting court action or presenting a claim to the Fund for payment." *Id.* at 1207. This court notes that the phrase "all claimants" is not used in Section 112(a), and therefore, the *Allied* court may have misread this section. The *Allied* court thereafter cited Section 107(g), which holds that the federal government is bound just as any other party would be to comply with the Act. The court held that the notice of claim is a prerequisite to bringing suit under Section 107 and that the plaintiff must allege compliance with Section 112(a) in order to state a claim upon which relief may be granted under Section 107. The plaintiff was allowed to amend its Complaint to allege satisfaction of the sixty-day notice requirement. The *Allied* court, as the *Dedham* court, failed to engage in any statutory construction or review of the plain language of the statute. The court noted that it was a matter of first impression and that "there is some

support for plaintiff's argument." *Id.* at 1207.

In *Bulk Distribution Centers v. Monsanto Co.,* 589 F.Supp. 1437 (S.D.Fla.1984), the court held that presentment of a demand letter to potentially responsible parties is a condition precedent to bringing a cost recovery action under Section 107. The court derived this decision by reading Sections 101(4), 107 and 112 together. Section 101(4) defines a "claim" as "a demand in writing for a sum certain." The court stated that: "[I]t appears that before a *private claimant* can commence a cost recovery action against other *private parties,* it must first serve on them a letter demanding a 'sum certain' to cover the costs of the clean-up operation." *Id.* at 1448 (emphasis added). The court found that an alternate basis for dismissing the case is the plaintiff's failure to present a demand letter for a sum certain to cover the costs of the clean-up effort. However, the court engaged in an elaborate discussion regarding the making of a claim for a sum certain, and concluded that a government approved plan must have been executed so that a sum certain cost may be reasonably approximated. In sum, the court stated:

> Lacking a government-approved clean-up plan, Bulk cannot incur costs consistent with the NCP—which requires the plan to ensure that the remedial effort will be cost-effective and safe—and cannot serve corporate defendants with a demand letter for a "sum certain"—which requires the plan to enable potentially responsible parties to weigh the merits of participating in a joint clean-up effort.

*Id.* at 1450. This court clearly was dealing with an action between private parties and the state-approved plan which was necessary for the clean-up in that situation. While the *Bulk Distribution* court held that a demand letter is a condition precedent to suit under Section 107, its analysis is based upon the sum certain requirements in the demand letter.

In *State of New York v. General Electric Co.*, 592 F.Supp. 291 (N.D.N.Y.1984), the court noted that the sixty-day notice requirement was an issue of first impression. The court analyzed both the statutory language and the question of whether the section was jurisdictional versus procedural. The court read the first sentence of Section 112(a) and concluded that it was applicable only to claims made against the Fund. The policy upon which Section 112(a) is based is that notification in Fund cases is necessary to preserve the assets of the Fund. Next, the court stated that the purpose of the CERCLA requirement of notice was to facilitate negotiated settlements. The court found that the fact that since sixty days had lapsed since the filing of the motion the parties had had adequate time to negotiate a settlement, thereby comporting with the spirit of the requirement. Finally, the court recognized that the rule in its jurisdiction generally requires that such notice requirements be held procedural and not jurisdictional. The *General Electric* court is the first to focus on the language of the statute section. The court concluded that Section 112(a) applies only to Fund cases and is, in any event, not jurisdictional in nature.

In *State of Colorado v. ASARCO, Inc.*, 616 F.Supp. 822 (D.Colo.1985), the court specifically referred to the cases of *Dedham Water Co.*, *Bulk Distribution* and *Allied Chemical Corp.* Thereafter, the court, quoting extensively therefrom, held that the preferred interpretation of Section 112 was that adopted in the *New York v. General Electric Co.* case. The court further noted that the legislative history of the Senate Bill supported its conclusion. The court commented that its interpretation does not completely harmonize with the second sentence of Section 112(a). However, the court suggested that perhaps the phrase was intended to make clear that a claimant would preserve his right under Section 107 after making a demand. Finally, the court determined that Section 112, even if applicable, is not jurisdictional. The court outlined the applicable test:

Under such circumstances, I must decide whether the sixty-day notice requirement was deemed by Congress to be so integral to CERCLA's scheme that Congress would have intended cases to be dismissed even if technical compliance would have been meaningless. I cannot believe that Congress intended or desired such a result. Given CERCLA's overriding purpose of remedying the very serious problem of improper hazardous waste disposal, I conclude that it would be error to dismiss this suit under these circumstances. Remedial legislation should be construed liberally to effectuate its purposes.

*State of Colorado v. ASARCO, Inc.*, 616 F.Supp. at 827.

The *ASARCO* court, in the face of the *Dedham* line of cases, ruled Section 112 inapplicable and, in the alternative, not jurisdictional. The *ASARCO* court was the first court to delve into the legislative history of CERCLA. The court also construed the statutory language of Section 112. This case presents the most reasoned analysis of all the cases to this point. Finally, the policy statement made by the court to the effect that Congress would certainly not wish to have this sixty-day notice requirement applied technically to dismiss the plaintiff's case when the plaintiff is attempting to protect the environment, the citizenry and the public fund by attempting to recover response costs and damages from the responsible defendants, is well taken by this court.

In *United States v. Conservation Chemical Co.*, 619 F.Supp. 162 (W.D.Mo.1985), the court, as in the *ASARCO* case, quoted extensively from the *General Electric* case. The court summarized the *Dedham* line of cases and stated that even against this "weight" of case law authority Section 112 applies only to the situation wherein the government is making a claim against the Fund. The court determined that Section 107 was meant to stand by itself independent of the requirements in Sections 104, 111 and 112. The *Conservation Chemical* case extends over more than a

hundred pages in the Federal Supplement and deals with a wide variety of sections under CERCLA. The issues in that case were assigned to a Special Master who made extensive findings regarding various provisions under CERCLA. It appears to this court that the drafter of the *Conservation Chemical* opinion was highly informed with respect to the nuances of CERCLA. Again, the court expressly noted the *Dedham* line of cases and found them incorrect, although doing so summarily.

In this district, Judge Marion J. Callister has ruled in the case *State of Idaho v. Howmet Turbine Component Corporation, et al.,* 627 F.Supp. 1274 (D.Idaho 1986), that the sixty-day notice requirement of Section 112(a) is both applicable and jurisdictional as applied to suits brought pursuant to Section 107 and the failure to comply warrants dismissal. The factual situations of that case and this case are very nearly identical. Judge Callister found most persuasive the *Dedham* line of cases and adopted their reasoning. The recent decision in *Walls v. Waste Resources Corp.,* Civil No. 2–83–418 (E.D. Tenn. March 28, 1986), is in accord with the *Howmet* decision.

With all due respect to the decision rendered by the Chief Judge, I am most persuaded by the *General Electric* line of cases. I find that the language of the statute, the Fund protection policy statement and the legislative history dictate a conclusion that Section 112(a) does not apply to claims made pursuant to Section 107, and in the alternative, the sixty-day notice requirement is not a jurisdictional prerequisite to suit under Section 107.

To the extent that Admiral's Motion for Summary Judgment against the State and Aetna's Motion for Summary Judgment against the State rely upon the sixty-day notice issue, they will be denied. Jervois Underwriters' Motion for Summary Judgment against the State, relying entirely upon the sixty-day notice issue, will be denied.

Based upon the foregoing and the court being fully advised in the premises,

IT IS HEREBY ORDERED that, to the extent the motions are based upon the sixty-day notice issue under CERCLA Section 112(a), Admiral's Motion for Summary Judgment against the State, Aetna's Motion for Summary Judgment against the State, and Jervois Underwriters' Motion for Summary Judgment against the State should be, and are hereby, DENIED.