Linda WALLS, et al., Plaintiffs,

v.

WASTE RESOURCES CORPORATION,
et al., Defendants.

Civ. No. 2–83–418.

United States District Court,
E.D. Tennessee,
Northeastern Division.

May 8, 1986.

Allan Kanner, Douglas Lind, Howard J. Sedran, Arnold Levin, Philadelphia, Pa., John T. Milburn Rogers, Greeneville, Tenn., J.D. Lee, Knoxville, Tenn., Richard M. Bank, Washington, D.C., for plaintiffs.

Richard T. Sowell, Wanda Sobieski, Baker, Worthington, Crossley, Stansberry & Woolf, Knoxville, Tenn., for defendant Waste Resources Corp.

William T. Wray, Jr., Hunter, Smith & Davis, Kingsport, Tenn., for defendant Waste Resources of Tennessee, Inc.

John S. Bingham, Bingham & Francisco, Kingsport, Tenn., for defendant Gary L. Phillips.

Jack B. Draper, Knoxville, Tenn., for defendants Allied Chemical Corp. and American Cyanamid.

Donald B. Oakley, P.C., Morristown, Tenn., for defendant Arapahoe Chemicals, Inc.

Paul R. Leitner, Chattanooga, Tenn., for defendant Arapahoe Chemicals, Inc. and Westinghouse Elec. Corp.

William E. Godbold, III, Chattanooga, Tenn., for defendant Westinghouse Electric Corp.

Thomas C. McKee, Johnson City, Tenn., for defendants Burton Rubber Processing, Inc., Hayes-Albion Corp., I.P.C. Dennison Co., and International Playing Card & Lable.

Frank Winston, Bristol, Tenn., for Intern. Playing Card & Lable.

Fred H. Cagle, Jr., Knoxville, Tenn., for defendants General Elec. Co., and Aladdin Plastics, Inc.

R. Hunter Cagle, Poor, Cox, Baker, Ray & Burne, Knoxville, Tenn., for Hoover Ball & Bearing Co., Inc.

John R. Cromer, Indianapolis, Ind., for defendant The Nat. Cash Register Co.

Keith McCord, Knoxville, Tenn., for defendant Rohm & Hass of Tennessee, Inc.

R. Keith Hopson, Dennis P. Reis, Brown, Maroney, Rose, Barber & Dye, Austin, Tex., James H. Epps, III, Johnson City, Tenn., for defendant Texas Instruments, Inc.

James W. Gentry, Jr., Chattanooga, Tenn., for defendant Velsicol Chemical Corp.

N.R. Coleman, Jr., Ronald W. Woods, Greeneville, Tenn., for defendants Central Soya of Monroe, Inc., ABS Industries, Inc., Columbus McKinnon Corp., and Ball Metal & Chemical Corp.

Bill W. Petty, Child, O'Connor & Petty, Knoxville, Tenn., for defendant Waste Management, Inc.

Noel F. Stahl, Nashville, Tenn., for defendant TRW, Inc.

Shelton B. Hillman, Jr., Bristol, Tenn., for defendants Beecham, Inc. and Orkin Exterminating Co., Inc.

Carey S. Sheldon, Sheldon & Andrews, Ashtabula, Ohio, for defendant ABS Industries, Inc.

Allan Hull, Cleveland, Ohio, for defendant Grief Brothers, Inc.

Richard M. Currie, Jr., Kingsport, Tenn., for defendant Kingsport Press, Inc.

Daniel W. Hammer, Thompson, Hine & Flory, Cleveland, Ohio, for defendant Normandex, Inc.

Wheeler A. Rosenbalm, Frantz, McConnell & Seymour, Knoxville, Tenn., for defendant General Elec. Co.

William G. Cockrill, Bud Gilbert, Knoxville, Tenn., for defendant Tri-State Container Corp.

## ORDER

HULL, Chief Judge.

This is an action under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9601 *et seq.* [CERCLA] brought by private parties to recover "response costs" not from the "superfund" but from the principal responsible parties. Under the provisions of 42 U.S.C. § 9612(a), private plaintiffs are required, as a jurisdictional pre-requisite, to give sixty days notice before filing claims against the superfund. There is a split in district court decisions on the question of whether this notice requirement should also be applied to actions against "responsible parties".

After careful analysis of the differing district court decisions on this question, a magistrate in this district has adopted the position that the sixty-day notice requirement applies to actions, such as this one, against responsible parties. Because the plaintiffs in this case failed to give the requisite actual notice, he has recommended that this case be dismissed for lack of subject matter jurisdiction. Rule 12(b)(1), Federal Rules of Civil Procedure. [Doc. 199]

After careful consideration of the plaintiff's exceptions [Doc. 200], this Court agrees.

Accordingly, this action is hereby DISMISSED.

## REPORT AND RECOMMENDATION

ROBERT P. MURRIAN, United States Magistrate.

This matter was referred to the undersigned pursuant to Rule 72(b), Federal Rules of Civil Procedure, on January 13, 1986, for a report and recommendation on the following motions:

1. to dismiss or for summary judgment filed by defendants Waste Resources Corporation and Waste Resources of Tennessee, Inc. [Court File No. 169];

2. to dismiss or for summary judgment filed by defendants Allied Corporation and American Cyanamid Company [Court File No. 170];

3. to dismiss and to strike filed by NCR Corporation [Court File No. 171];

4. to dismiss and to strike filed by NCR Corporation [Court File No. 172];

5. to dismiss or for summary judgment filed by defendants Beecham, Inc. and Orkin Exterminating Company, Inc. [Court File No. 173];

6. to dismiss or for summary judgment filed by defendants Columbus McKinnon Corporation and Ball Corporation [Court File No. 174];

7. to dismiss or for summary judgment filed by defendants Rohm and Haas Tennessee, Inc., Hoover Universal, Inc., Waste Management, Inc., and TRW, Inc. [Court File Nos. 175, 176, 177, 178];

8. to dismiss filed by defendants Alladin Plastic, Inc. and General Electric Company [Court File Nos. 179, 180];

9. to dismiss or for summary judgment filed by defendants Norandex, Inc., Burton Rubber Processing, Inc., IPC Dennison/International Playing Card and Label Company, Hayes Albion Corporation, Grief Brothers Corporation, Westinghouse Electric Corporation, Arapahoe Chemicals, Inc., Texas Instruments Incorporated and Kingsport Press, Inc. [Court File Nos. 182, 183, 184, 185, 186, 189];

10. to dismiss or for summary judgment filed by defendant Gary Phillips [Court File No. 192]; and,

11. renewed motion for summary judgment filed by defendant Velsicol Chemical Corporation [Court File No. 193].

In remanding this action to this Court, the United States Court of Appeals for the Sixth Circuit did not decide and expressed no opinion as to whether the notice provision in 42 U.S.C. § 9612(a) applies to private response cost recovery actions (such as this one) under 42 U.S.C. § 9607. *Walls v. Waste Resources Corporation*, 761 F.2d 311, 318–19 (6th Cir.1985).

In a Report and Recommendation filed September 20, 1985, the undersigned stated that

[T]he notice provision set forth in 42 U.S.C. § 9612(a) applies only to claims against the superfund. *State of New York v. General Electric Co.*, 592 F.Supp. 291, 299–300 (D.C. N.Y. 1984). Section 9612(a) does not state that "no action may be commenced" unless a 60–day notice is given. It seems to be a limitation on claims against the "superfund" and not a limitation on actions (*i.e.* "lawsuits") against private persons or entities.

Court File No. 121, III.A., p.7. United States District Judge Thomas G. Hull affirmed that Report and Recommendation and overruled all objections thereto in an order filed October 11, 1985 [Court File No. 143]. Therefore, the only viable claim remaining after that was that under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9601, *et seq.* (CERCLA). Thereafter, Judge Hull declined to allow appeals requested by some of the parties and invited motions addressing whether or not the CERCLA claim was barred by any applicable statute of limitations [Court File No. 168]. The motions indicated above followed.

Among the motions filed was that of defendant Velsicol Chemical Corporation [Court File No. 193]. It renewed its argument that the Court lacks jurisdiction over the CERCLA count due to the failure of the plaintiffs to give Velsicol the proper presentation of their claims prior to the commencement of an action in this Court as dictated by 42 U.S.C. § 9612(a).

In this action, the plaintiffs' CERCLA claim is made in an effort to recover "necessary costs of response" under 42 U.S.C. § 9607(a)(3)(B) (Public L. 96–510, Title I, § 107). In connection with renewal of its motion to dismiss for lack of subject matter jurisdiction, Velsicol very recently filed a copy of the decisions in the cases of *Dedham Water Co. v. Cumberland Farms, Inc.*, (1986, D.Mass.) 643 F. Supp. 667 (substantial compliance with § 9612(a) notice requirements will not vest subject matter jurisdiction in a federal district court) and *State of Idaho v. Howmet Turbine Component Corporation*, 627 F.Supp. 1274, (1986, D. Idaho) [Court File Nos. 197 and 198] (hereinafter referred to as *Dedham Water Co. II* and *Howmet*).

After further reflection upon the matter, and in light of these two recent decisions, I am of the opinion that the 60–day notice provision in § 9612 is a jurisdictional prerequisite to a CERCLA action and that I erred in recommending that the defendants' earlier motions on that ground be denied.

An objection to the subject matter jurisdiction of a federal court goes to the power of the court to hear and decide the case. Wright & Miller, *Federal Practice and Procedure: Civil* § 1350, 546 (1969). All questions regarding subject matter juris-

diction must be resolved before the merits are addressed. *Gross v. Hougland*, 712 F.2d 1034, 1036 (6th Cir.1983), *cert. denied*, 465 U.S. 1025, 104 S.Ct. 1281, 79 L.Ed.2d 684 (1984); *see also* Rule 12(h)(3), Federal Rules of Civil Procedure. As the Court noted in *Dedham Water Co.*, "I am not hereby removing the cloak of subject matter jurisdiction. I am simply declaring that this Court was not so cloaked when I made the decision in 1983 to the contrary." Slip op. at 5. Likewise, I conclude that "the cloak" was never present here in connection with the CERCLA claim to begin with.

In *Howmet*, the court noted that there are no federal appellate decisions on the point but it cited six federal district court decisions, including the 1983 reported decision in *Dedham Water Company* reported at 588 F.Supp. 515 (Dedham I). *See also United States v. Conservation Chemical Co.*, 619 F.Supp. 162 (W.D.Mo. 1985); *State of Colorado v. Asarco, Inc.*, 616 F.Supp. 822 (D.Colo.1985); *State of New York v. General Electric Co.*, supra; *Bulk Distribution Centers, Inc. v. Monsanto Co.*, 589 F.Supp. 1437 (S.D. Fla.1984); *United States v. Allied Chemical Corp.*, 587 F.Supp. 1205 (N.D. Cal. 1984). Taking into account the unreported decisions previously mentioned, four of these courts have held that the notice requirement of § 9612(a) is jurisdictional or that failure to allege compliance with it results in a failure to state a claim under CERCLA. Three decisions, *General Electric, Conservation Chemical Company* and *Asarco* are to the contrary.

I find the reasoning in the January 30, 1986, decision in *Howmet* to be very persuasive. There, as indicated above, the Court reviewed the current case law on the subject and stated as follows:

The foregoing review of the caselaw indicates the difficulty courts have had on the present issue. After wrestling with the matter, the Court feels most persuaded by, and will adopt, the reasoning and result in the *Dedham* line of cases. That is, this Court holds that the sixty-

---

**1.** A reference to the 1983 decision in *Dedham I.*

day notice requirement is a jurisdiction prerequisite to a CERCLA action. In the alternative, the Court rules that plaintiff's complaint, by failing to allege compliance with § 112(a), fails to state a claim upon which relief may be granted. The Court believes that the sixty-day notice requirement, as an integral part of CERCLA, must apply to actions brought under § 107. As the court stated in *Bulk Distribution:*

[D]eclaring section 9607(a) completely independent of CERCLA's other provisions is inefficient and costly because it permits parties to take unilateral actions when a joint effort may have been possible had the parties attempted to settle their differences before undertaking a response.

589 F.Supp. at 1449. The Court believes that the plain language of the statute, specifically §§ 101(4), 107 and 112, supports the conclusion that the notice requirement is applicable to actions brought under § 107.

The Court also notes that in this case, unlike the *Dedham*[1] and *Allied Chemical* cases, there is no substantial compliance or possibility of alleging compliance through amended pleadings. The notice of claim was *mailed* on December 12, 1983, the same day suit was filed and presumably was received by the defendants not only after the suit was commenced, but also beyond the three-year statute of limitations in § 112(d), which expired, as already held, on December 12, 1983. Thus, amending the complaint would be futile in this action. For this reason, the Court does not reach the question of what is entailed by "substantial compliance" or whether substantial compliance would satisfy § 112(a).

Because of the foregoing ruling, the Court does not reach the other grounds asserted by defendants for granting summary judgment on plaintiff's CERCLA claims.

627 F.Supp. at 1278–1279.

I do not agree with those decisions which hold that the procedures in § 9612(a) apply

only when the plaintiff is making a claim against the so-called "superfund." *See e.g., United States v. Conservation Chemical Co.,* 619 F.Supp. 162, 210–211 (W.D. Mo. 1985).

The applicable provision of CERCLA here is § 112(a), 42 U.S.C. § 9612(a), which reads:

All claims which may be asserted against the fund pursuant to Section 9611 of this title shall be presented in the first instance to the owner, operator, or guarantor of the vessel or facility from which a hazardous substance has been released, if known to the claimant, and to any other person known to the claimant who may be liable under § 9607 of this title. In any case where the claim has not been satisfied within sixty days of presentation in accordance with this subsection, the claimant may elect *to commence an action in court against such owner, operator, guarantor or other person* or to present a claim to the fund for payment. (emphasis added)

As one court observed, "... [i]t is puzzling that Congress included the emphasized language, for it does suggest that a claim letter must precede every court action." *Asarco,* 616 F.Supp. at 826 (dicta). Also, it cannot be successfully argued that § 9612(a) has no application to § 9607(a) actions. Section 9612(d) contains the statute of limitations applicable to both court actions and claims against the superfund. *Id.,* 616 F.Supp. at 825. Therefore, the prefatory language of § 9607 ("notwithstanding any other provision or rule of law ...") was not intended to exempt § 9607 from the provisions of § 9612(a).

The plaintiffs in this case have chosen to seek their remedies in the courts and have not chosen to present a claim against the "superfund." *See* 42 U.S.C. § 9611(a)(2). As I understand it, this is an action that could have been a "claim" assertable "against the fund" if that election had been

made. In either case, the clear statutory language of § 9612(a) (emphasized above) dictated that the 60–day notice be given. Section 9612(a) "... requires a party seeking recovery from either the [superfund] or a private party to first present the claim to the responsible party." *United States v. Reilly Tar & Chemical Corp.,* 546 F.Supp. 1100, 1117 (D. Minn. 1982). This requirement serves two salutary purposes: (1) conservation of limited superfund monies and (2) avoidance of costly litigation where possible. In my view, Congress intended this to be more than a mere technicality which could be waived or avoided by assertion of some type of constructive notice or "substantial compliance" rationale. *See Walls v. Waste Resources Corp., supra.*

The only notice to defendants alleged in the Second Amended Complaint is as follows:

The defendants have had constructive notice since December, 1983 when the initial action was filed by plaintiffs. Furthermore, on July 24, 1985 a letter was sent to all defendants, the EPA, and the state giving them notice of plaintiffs' intentions to continue to pursue their actions.

[Court File No. 163, p. 9]. This action was filed December 12, 1983. Constructive notice, like "substantial compliance" is insufficient. *See Walls,* 761 F.2d at 317.

Having failed to invoke the Court's subject matter jurisdiction, and it appearing that there are no circumstances under which the plaintiffs could do so, it is recommended that the CERCLA claim be DISMISSED. Rule 12(b)(1), Federal Rules of Civil Procedure. All other claims have been dismissed previously.[2]

---

**2.** Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn,* — U.S. —, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).